# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-1389

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

DELBERT R. HOLM,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Central District of Illinois.
No. 01-10011-001—**Michael M. Mihm**, *Judge.*

———————

ARGUED SEPTEMBER 19, 2002—DECIDED APRIL 9, 2003

———————

Before CUDAHY, DIANE P. WOOD, and WILLIAMS, *Circuit Judges.*

DIANE P. WOOD, *Circuit Judge.* Delbert Holm is an information system technologist. He is before us now because he downloaded onto his home computer more than 100,000 pornographic images, approximately 10 to 20% of which depicted underage children engaged in sexually explicit activity. Although Holm has steadfastly maintained that his possession of these materials was part of an academic study of the subject, he nevertheless decided to plead guilty to federal charges for violations of 18 U.S.C. § 2252(a)(4)(B), which makes it a crime to possess child pornography. The district court imposed a 59-month sentence and a $20,000 fine. The court also imposed several

post-prison release conditions, including prohibitions on unsupervised contact with children, possession of material containing nudity, and use or possession of any computer with Internet capability.

On appeal, Holm first presents a number of doomed constitutional claims, several of which were resolved long ago by the Supreme Court in *New York v. Ferber*, 458 U.S. 747 (1982), and the remainder of which require third-party standing that Holm cannot establish. Holm's next claim, which is that the district court should have applied United States Sentencing Guideline § 2G2.4, rather than § 2G2.2, as the starting point for calculating his sentence, was resolved favorably to him in our recent decision in *United States v. Sromalski,* 318 F.3d 748 (7th Cir. 2003), and thus it also requires little discussion. Finally, Holm challenges several of the conditions of supervised release on the ground that they are unduly burdensome. We agree that one is indeed overbroad. We therefore affirm Holm's conviction, but we remand for further consideration of Holm's sentence and conditions of release.

# I

In July 2000, the Illinois State Police received an anonymous complaint that Holm was in possession of a large amount of child pornography. The caller also advised the police that Holm's wife was aware of her husband's problem but did not know what to do about it. Based on this call, agents contacted Mrs. Holm, who agreed to cooperate fully and allowed agents to search the Holms' home. The subsequent search uncovered computers and computer disks containing the pornographic materials described above. An indictment was filed on February 21, 2001, charging Holm with one count of possessing child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), and one forfeiture count. Holm filed a motion to dismiss the indictment on October 12,

2001. The district court denied the motion, at first orally and then by written order.

After the district court orally denied Holm's motion, a jury trial commenced on October 15, 2001. The next day, Holm agreed to a conditional guilty plea pursuant to FED. R. CRIM. P. 11(a)(2), reserving the right to appeal the issues raised in the pretrial motion to dismiss. After a sentencing hearing on February 1, 2002, the court imposed its sentence. Judgment was entered on February 7, 2002, and Holm filed a timely notice of appeal the next day.

## II

We begin with a brief discussion of Holm's constitutional claims. First, he asserts that 18 U.S.C. § 2252's prohibition on child pornography is unconstitutionally overbroad because it criminalizes possession of materials with literary, artistic, political, and scientific value. Holm argues in particular that the district court erred when it summarily rejected his claim that his possession of child pornographic materials was necessitated by his scholarly study of the efficacy of public and private efforts to police distribution. His argument draws on the well-known test set forth in *Miller v. California*, 413 U.S. 15 (1973), which governs what materials are obscene and thus outside the protections of the First Amendment. But as *New York v. Ferber* makes clear, child pornography is a category of speech that is separate and apart from obscenity. *Ferber*, 458 U.S. at 756. Holm urges that the Supreme Court abandoned the *Ferber* rule in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389 (2002), but the Court's discussion in *Free Speech Coalition* makes it plain that this is not so. That case rejected only a ban on "virtual" child pornography, see 122 S.Ct. at 1402, while Holm pleaded guilty to possession of pornography depicting real children. Holm also overlooks

the fact that the Court in *Free Speech Coalition* specifically re-affirmed the continued vitality of the *Ferber* frame-work. *Id.*

Holm's remaining constitutional claims can be raised only if he has standing to assert third-party rights. For instance, Holm asserts that the child pornography statute is un-constitutional because it criminalizes possession of child pornographic materials by law enforcement and defense attorneys involved in criminal cases. Similarly, Holm as-serts that the amnesty provisions built into the statute at 18 U.S.C. § 2252(c)(2)(B), under which an individual who inadvertently comes into possession of fewer than three items can avoid criminal liability by immediately reporting it, violate the Fifth Amendment right against self-incrimi-nation. Third, Holm challenges as unconstitutionally vague the affirmative defense contained at 18 U.S.C. § 2252(c)(2)(A), whereby an individual who inadvertently comes into possession of fewer than three items can insulate herself from criminal liability if she takes "reasonable steps" to destroy the materials. Finally, Holm contends that the court's imposition of a $20,000 fine violated his wife's due process rights because at least some of the funds in pay-ment of the fine will be drawn from joint marital assets without affording her notice and an opportunity to be heard.

We conclude that in none of these instances is Holm entitled to assert the rights of the third party in question. We recognize that in the First Amendment overbreadth area, courts have taken a more liberal approach (under the prudential branch of the standing doctrines) to the ability of one private party to assert the rights of another party. This typically occurs only where the court is convinced that the party whose rights are most clearly implicated may not be in a position to assert those rights effectively. See *Secretary of State v. Joseph H. Munson Co.*, 467 U.S. 947, 957 (1984) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973) and *Dombrowski v. Pfister*, 380 U.S. 479, 486

(1965)). In such situations, a court may grant third-party standing to avoid "chilling" the free speech rights asserted. *Id.* at 956.

That rationale does not apply to any of the third parties Holm is supposedly trying to protect. It is unreasonable to think that prosecutors and defense attorneys are being chilled in their duties because of a fear of prosecution under 18 U.S.C. § 2252. We know of no case in which law enforcement or defense counsel have been subjected to prosecution for possession of materials as evidence. Furthermore, there is surely a useful distinction to be drawn between possession of prohibited materials and possession of evidence relevant to a criminal proceeding. Indeed, the lack of reported decisions on the question suggests that prosecutors have no trouble drawing the line between these two situations.

Holm's Due Process and Fifth Amendment self-incrimination claims fare no better under the relatively more stringent standing requirements that apply outside the First Amendment context. In order to be able to proceed, Holm would have to make three difficult showings: (1) that he himself has standing to attack the statute; (2) that he enjoys a special and pre-existing relationship with the third party on whose behalf he wishes to raise a claim; and (3) that there exist genuine and substantial barriers to the third party's assertion of rights. See, *e.g.*, *Powers v. Ohio*, 499 U.S. 400, 410-11 (1991); *Singleton v. Wulff*, 428 U.S. 106, 115 (1976); see also *Miller v. Albright*, 423 U.S. 420, 422 (1998) (O'Connor, J., concurring). Without stepping through all of the specifics, we find that Holm has failed to carry his burden in several respects: for instance, he cannot show a special and pre-existing relationship with individuals who inadvertently download child pornography, and there is no barrier to his wife's raising a takings claim on her own behalf. Holm has accordingly failed to establish

the necessary standing to bring his remaining constitutional claims.

## III

In addition to his constitutional claims, Holm advances the less ambitious claim that the district court erred at sentencing by applying U.S.S.G. § 2G2.2 rather than § 2G2.4. The former Guideline applies to "trafficking" and prescribes a base offense level of 17, while the latter applies to possession and provides for a base offense level of 15. It is enough for purposes of this opinion to note that the offense of conviction here was the possession offense found in 18 U.S.C. § 2252(a)(4)(B). Holm is therefore in precisely the same position as was the defendant in *Sromalski, supra.* For the reasons discussed in that opinion, we agree with Holm that the proper Guideline to use was § 2G2.4, and that the cross-reference to § 2G2.2 was not triggered on these facts. Because there is no evidence in the record that Holm at any point bought, sold, traded, bartered, or even exchanged child pornographic materials with other individuals with an intent to traffic in those materials, we remand to the district court for re-sentencing under § 2G2.4 of the Sentencing Guidelines, using that Guideline's base offense level of 15.

## IV

Holm next challenges various conditions of his supervised release. A district court generally has wide discretion when imposing special terms of supervised release. *United States v. Sines*, 303 F.3d 793, 800 (7th Cir. 2002); *United States v. Guy,* 174 F.3d 859, 861 (7th Cir. 1999). This discretion is limited, however, by 18 U.S.C. § 3583(d), which provides that a court may impose special post-release conditions only when certain criteria are met. First, post-release conditions

must be reasonably related to the factors set forth in § 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D). See 18 U.S.C. § 3583(d). These factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need "to afford adequate deterrence to criminal conduct," (3) the need "to protect the public from further crimes of the defendant," and (4) the need "to provide the defendant with needed [training], medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1)-(2). In addition, post-release conditions cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the latter three statutory goals. See 18 U.S.C. § 3583(d)(2).

Normally, we would review the special conditions the district court imposed here for abuse of discretion. *United States v. Angle*, 234 F.3d 326, 346 (7th Cir. 2000). In this case, however, Holm's discussion of the point is brief to the point of brushing up against full-blown waiver. His entire discussion of the subject is contained within slightly more than a single page. That page includes no citations to additional material in the record, beyond the court's judgment itself, that might help to illuminate the basic contours of his claims.

The principal indication of which particular post-release conditions Holm wants to challenge comes in the required "Summary of Argument" section of his brief, where he references two of the post-release conditions imposed by the district court, including the prohibition on possession of material containing nudity and the restriction on his possession or use of computers with Internet capability. In the subsequent "Argument" section, however, Holm refers to two different conditions: the restrictions on "access to children" and the requirement that he submit to "physiological testing." He also comments that "defendant would even be prohibited from viewing a copy of the Newsweek magazine showing the partially nude statue of Lady Justice that

recently was removed from the Justice Department in Washington, D.C." Presumably, he is arguing that possession of the magazine would violate the restriction on his possession of material containing nudity. The "Argument" section does not even mention let alone elaborate on his claim from the "Summary of Argument" section that the restriction on his use and possession of computer equipment with Internet capability is overbroad.

We have repeatedly warned that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues)." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); see also FED. R. APP. P. 28(a)(4); *United States v. Brown*, 899 F.2d 677, 679 n.1 (7th Cir. 1990). "It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *Beard v. Whitley County REMC,* 840 F.2d 405, 408-09 (7th Cir. 1988). This is true even in the criminal context. See *Sanchez v. Miller,* 792 F.2d 694, 703 (7th Cir. 1986). In this case, as we said before, Holm is right at the edge of waiver. Because waived claims, unlike forfeited claims, cannot be considered even under the plain error standard, however, we do not find waiver lightly. Here, the brief and Holm's oral argument taken together give us a (barely) adequate basis on which to follow his argument, and we thus look briefly at his claims.

Bearing in mind that we review only for abuse of discretion, we find no problem with any of the restrictions Holm has identified except the one on his ability to possess or use computers with Internet capability. As part of Holm's sentence, the district court imposed the following special condition of supervised release:

> You shall not possess or use a computer that is equipped with a modem, that allows access to any part

of the Internet, e-mail service, or other "on-line" services. You shall not possess software expressly used for connecting to online service, including e-mail, or installation disks for online services or e-mail.

We find that to the extent that the condition is intended to be a total ban on Internet use, it sweeps more broadly and imposes a greater deprivation on Holm's liberty than is necessary, and thus fails to satisfy the narrow tailoring requirement of § 3583(d)(2). We understand why the district court might have thought that a strict ban on *all* Internet use was warranted, but such a ban renders modern life—in which, for example, the government strongly encourages taxpayers to file their returns electronically, where more and more commerce is conducted on-line, and where vast amounts of government information are communicated via website—exceptionally difficult.

Various forms of monitored Internet use might provide a middle ground between the need to ensure that Holm never again uses the Worldwide Web for illegal purposes and the need to allow him to function in the modern world. At his sentencing hearing, Holm noted his "almost 30-year history of working in computerized telecommunications" and that prohibiting him from use of computers with "network connectivity" would "put a devastating burden on [his] ability to be a productive person in this culture." Moreover, Holm presented undisputed evidence at his sentencing hearing that he had not used any of the computer systems at his place of work in committing his crimes. Because Holm is most likely to find gainful employment in the computer field upon his release, the conditions as currently written could affect his future productivity and jeopardize his rehabilitation in violation of the command of § 3583(d).

In *United States v. Scott,* 316 F.3d 733 (7th Cir. 2003), this court decided that a total ban on access to Internet services, imposed without advance notice to the defendant,

was impermissible given the open-ended and standardless nature of the delegation of power to the probation officer. *Id.* at 736. That case was remanded so that the district court could consider a more narrowly tailored and precisely articulated set of rules. *Id.* at 737. A similar approach is warranted here. We find it notable that this court's concerns in *Scott* are reflected in the decisions of our sister circuits, which have also declined to uphold a total ban on Internet access by defendants convicted of receiving child pornography without at least some evidence of the defendant's own outbound use of the Internet to initiate and facilitate victimization of children. Compare *United States v. Paul*, 274 F.3d 155, 169 (5th Cir. 2001) (upholding Internet prohibition where defendant had used Internet communication to encourage exploitation of children by providing other pedophiles with advice on how to gain access to child victims); *United States v. Crandon*, 173 F.3d 122, 127-28 (3d Cir. 1999) (upholding post-release ban on Internet use where defendant convicted of receiving child pornography had also engaged in sexual relations with an underage girl he had met via electronic mail), with *United States v. Freeman*, 316 F.3d 386, 391-92 (3d Cir. 2003) (vacating absolute Internet prohibition in absence of evidence that defendant had used Internet to contact children); *United States v. Sofsky*, 287 F.3d 122, 126-27 (2d Cir. 2002) (vacating and remanding strict Internet prohibition where defendant pleaded guilty to only receipt of child pornography); *United States v. White*, 244 F.3d 1199, 1205 (10th Cir. 2001) (finding ban on all Internet and computer use to be "greater than necessary" to serve goals of supervised release where defendant had been convicted only of possession of child pornography).

The condition at issue in *White* is similar to the one imposed on Holm. Furthermore, the ban for Holm suffers from the same lack of precision as did the condition in

*Scott, supra.* As currently worded, the condition on Holm's use or possession of computers is potentially too narrow because, on its face at least, it appears to apply to modem-equipped computers only (as opposed to those directly linked by ethernet to a university system, for example). And yet, it is also overly broad if construed as a strict ban on Internet access. While parolees typically have fewer constitutional rights than ordinary persons, see *Morrisey v. Brewer*, 408 U.S. 471, 482 (1972); *United States v. Loy*, 237 F.3d 251, 259 (3d Cir. 2001), this is the early 21st century equivalent of forbidding all telephone calls, or all newspapers. Without more evidence in the record that such a drastic measure is appropriate for Holm, it cannot stand.

Just as in *Scott,* our decision today should not be interpreted as precluding the district court from imposing more narrowly tailored restrictions on Holm's Internet use. The district court has already imposed the condition that Holm be subjected to random searches of his computer and residence—a condition we find entirely reasonable. See *Freeman*, 316 F.3d at 392. Also, a variety of filtering software is now available. *Scott*, 316 F.3d at 735; *White*, 244 F.3d at 1206. That software is becoming ever more effective, and the court here may wish to consider imposing a requirement that any computer Holm is permitted to use must be so equipped. We are confident that the district court can fashion precise restrictions that protect the child-victims used in Internet pornography and at the same time reflect the realities of Holm's rehabilitation prospects.

## V

For the foregoing reasons, we AFFIRM Holm's convictions for receipt of child pornography, VACATE his sentence, and REMAND to the district court for re-sentencing under § 2G2.4 of the Sentencing Guidelines without use of the

cross-reference to § 2G2.2, and for revision of the special post-release conditions in a manner consistent with this opinion.

A true Copy:

      Teste:

                             _____

                         *Clerk of the United States Court of Appeals for the Seventh Circuit*