Nathan GILLIS, Plaintiff–Appellant,

v.

Bonnie STOEBNER, Nurse, Cindy Saw-
inski, Gerald A. Berge, Warden, et al.,
Defendants–Appellees.

No. 03–1893.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 3, 2004.[*]

Decided Feb. 6, 2004.

Nathan Gillis, pro se, Boscobel, WI, for
Plaintiff–Appellant.

Douglas S. Knott, Leib & Katt, Milwau-
kee, WI, John J. Glinski, Office of the
Attorney General, Madison, WI, for Defen-
dants–Appellees.

Before EASTERBROOK, MANION,
and EVANS, Circuit Judges.

### ORDER

Nathan Gillis, an inmate at the Wiscon-
sin Secure Program Facility, brought suit
under 42 U.S.C. § 1983 claiming that the
defendants used excessive force against
him and then ignored his resulting inju-
ries. After allowing the case to proceed

---

[*] After examining the briefs and record, we con-
clude that oral argument is unnecessary. Thus, the appeal is submitted on the briefs
and the record. See Fed. R.App. P. 34(a)(2).

against six of the eight named defendants, *see* 28 U.S.C. § 1915A, the district court granted the motion for summary judgment filed by four of the remaining defendants and then at the same time dismissed the last two defendants sua sponte. The court reasoned that Gillis lacked evidence of anything more than a de minimis use of force that resulted in de minimis injuries. Gillis appeals, and we affirm.

Gillis's claims arose out of an altercation that occurred when he refused to return his ear plugs after the medical order authorizing their use had expired. Gillis was subsequently placed in restraints and led toward another cell to be strip-searched. On the way there he fell twice and suffered a cut above his right eye. After the ear plugs had been recovered, Gillis was again placed in restraints and returned to his own cell. Once there Gillis requested medical attention, explaining that the officers who placed him in restraints abused him and caused bruising on his wrist and arm. The nurse who responded noticed bruising on Gillis's wrist, but concluded that medical attention was not required. Gillis asked the nurse to "document" his allegation that the officers caused his injuries, but the nurse stated that she did not know the cause of the bruising and thus could not comply with his request. Gillis never submitted a medical treatment form for his alleged injuries from the altercation.

■ In his brief Gillis cites several irrelevant legal propositions, none of which directly challenges the district court's resolution of his claims. Gillis does not contest the district court's characterization of the injuries he allegedly suffered the night of the incident: a "half-inch" cut above his eye and bruising on his wrist, neither of which necessitated medical treatment. The district court correctly concluded that Gillis had failed to show that these injuries were anything more than de minimis, caused by the de minimis force applied by the prison guards when they restrained Gillis and led him out of his cell. *See Outlaw v. Newkirk,* 259 F.3d 833, 839 (7th Cir.2001) (swelling, bruising, discoloration, and numbness of inmate's hand constitutes de minimis injury that "strongly suggests" that the force applied was de minimis); *DeWalt v. Carter,* 224 F.3d 607, 620 (7th Cir.2000) (bruises suffered by inmate after being shoved into wall by guard were de minimis). This conclusion is bolstered by Gillis's concession that the cut above his eye was the result of his fall on the way to the strip-search cell, rather than the product of any malicious or sadistic conduct on the part of the defendants. *See Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The de minimis nature of Gillis's injuries, combined with the lack of proof that the defendants maliciously intended to cause him harm, removes any inference that the defendants violated Gillis's Eighth Amendment rights. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also DeWalt,* 224 F.3d at 620.

■ The one assertion that Gillis does make in his brief is that the district court denied him certain unspecified discovery materials, thereby affecting his "ability to litigate meaningfully." Gillis, however, has waived this contention by failing to develop it, *see United States v. Holm,* 326 F.3d 872, 877 (7th Cir.2003), and in any event he never objected to the court's consideration of the motion for summary judgment on the available evidence, *see* Fed.R.Civ.P. 56(f); *Goldberg v. Household Bank, F.S.B.,* 890 F.2d 965, 968 (7th Cir.1989). Moreover, we see no error in the district court's handling of Gillis's numerous discovery requests, which the court went to great lengths to analyze on an individual basis. Although the court denied many requests that were overly burdensome or confusing,

it granted those that could have produced evidence relevant to Gillis's case.

AFFIRMED.