**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 03-4183

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL WAYNE GRANGER,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-02-144)

———————————

Argued: October 27, 2004          Decided: December 8, 2004

———————————

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ARGUED:** William Fletcher Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. William Earl Day, II, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee. **ON BRIEF:** J. Strom Thurmond, Jr., United States Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Wayne Granger pled guilty to transporting and shipping images of child pornography contained on computer diskettes and stored on the hard drive of Granger's computer. See 18 U.S.C.A. § 2252A(a)(1) (West Supp. 2004). Granger, a construction worker, traveled from the Pensacola, Florida area to a job site in Kingstree, South Carolina. He brought his desktop computer and various diskettes with him to keep at his hotel. One of Granger's co-workers discovered child pornography while using the computer and reported the discovery to local law enforcement. Pursuant to a search warrant, authorities discovered illicit images on diskettes and the computer itself. Additional investigation revealed that several of these images depicted Granger engaged in sexual activity with his daughter, then 6 years old, and stepdaughter, who was 7.

The district court imposed a sentence of 180 months (15 years), followed by a three-year term of supervised release. In connection with the term of supervised release, the district court set several special conditions, including the requirement that "[t]he defendant shall not possess or use any computer which is connected or has the capacity to be connected to any network." J.A. 71. Granger contends that this prohibition on computer use is overly broad in that, as a practical matter, it will impair him from securing gainful employment once he is released. Virtually

2

any modern-day employer, Granger points out, will use computers that are connected or can be connected to a network.

We review the imposition of special conditions of supervised release for abuse of discretion.  See United States v. Dotson, 324 F.3d 256, 259 (4th Cir. 2003).  Although a sentencing court must impose various statutorily required conditions of supervised release, see 18 U.S.C.A. § 3583(d) (West 2000 & Supp. 2004), it also enjoys substantial latitude to "impose any other condition it considers to be appropriate, as long as that condition is 'reasonably related' to the statutory factors referred to in § 3583(d)(1)."  Dotson, 324 F.3d at 260 (quoting 18 U.S.C. § 3583(d)(1)).  Such factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C.A. § 3553(a)(1) (West 2000 & Supp. 2004); providing adequate deterrence, see § 3553(a)(2)(B); and "protect[ing] the public from further crimes of the defendant," § 3553(a)(2)(C). Additionally, a special condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to achieve its intended purpose.  18 U.S.C.A. § 3583(d)(2).

Granger does not contend that the special condition at issue here is not reasonably related to the statutory factors.  See, e.g., United States v. Rearden, 349 F.3d 608, 620-21 (9th Cir. 2003); United States v. Taylor, 338 F.3d 1280, 1284-84 (11th Cir. 2003) (per curiam).  Rather, he argues that the special condition

on computer use following his release from prison is overly broad and therefore "involves [a] greater deprivation of liberty than is reasonably necessary." 18 U.S.C.A. § 3583(d)(2). Specifically, Granger argues that this condition will "effectively prevent[] [him] from earning a living at any occupation where he might have to access a computer, including a job such as [a] cashier." Brief of Appellant at 7.

We disagree. First, the great majority of Granger's work history involves manual labor; he has held jobs as a pipe fitter, driller, and field hand, with only very brief interludes as a cashier or clerk. Therefore, he is very much unlike the defendant in United States v. Holm, 326 F.3d 872, 877-78 (7th Cir. 2003), a case upon which Granger relies, where the court found an expansive prohibition on computer use overly broad for a defendant whose work had depended for decades on computerized telecommunications. Granger's ability to return to similar gainful employment would not be greatly hampered by this special condition.

Second, the special conditions imposed by the district court, when read together, allow Granger, once he is released, to obtain employment with confidence that he is not in violation of the special conditions of release in that he is required to "work at a job which must be pre-approved by the probation officer." J.A. 71. As noted by the district court, the intended purpose of this special condition is to take away Granger's access to the standard

4

medium of exchange for individuals who trade in child pornography -- the internet, e-mail, and other like forms of communication. The requirement that Granger seek prior approval of a potential job will alleviate the burden of having to guess whether working with a device like a cash register will find him in violation of the terms of his supervised release based on an unexpectedly hypertechnical interpretation of his special conditions.

Finally, in imposing the special conditions, the district court explicitly recognized that Granger has the option of seeking a modification of this special condition after he is released. Given the rapidly changing environment of the internet and information technology generally, Granger's objections rest in large part on speculation. It is not possible to anticipate with any precision the extent to which computer technology 15 years from now will impact a worker of Granger's skills and training. Accordingly, as the district court observed, Granger, if need be, can seek a modification of this special condition pursuant to 18 U.S.C.A. § 3583(e)(2), which allows a district court to modify conditions of supervised release based upon "unforseen circumstances." United States v. Balon, 384 F.3d 38, 47 (2nd Cir. 2004) (internal quotation marks omitted) (holding that "changing computer technology is an appropriate factor to authorize a modification of supervised release conditions under Section 3583(e)").

5

Thus, we conclude that the district court did not abuse its discretion in imposing the special condition relating to computer access.

AFFIRMED