**UNITED STATES of America**

v.

**Jay Dana SHERR**

**No. CRIM. CCB–03–0477.**

United States District Court,
D. Maryland.

Nov. 16, 2005.

---

Charles G. Bernstein, Baltimore, MD, for Defendant.

Andrew G. W. Norman, Bonnie S. Greenberg, Office of the United States, Thomas M. DiBiagio, Baltimore, MD, for Plaintiff.

## *MEMORANDUM*

BLAKE, District Judge.

The defendant, Jay Dana Sherr, has been indicted for alleged possession of child pornography, specifically "visual depictions" involving "a minor engaging in sexually explicit conduct," that had been transported in interstate commerce by means of a computer, in violation of 18 U.S.C. § 2252(a)(4)(B). Numerous defense motions have been briefed, and an evidentiary hearing was held on July 7, 2005.[1] My rulings and an explanation of the reasons for those rulings follow.

---

1. At the defendant's request, post-hearing briefing continued and was not complete until

## BACKGROUND

In December 2002, the U.S. Customs ("Customs") Office in San Jose, California notified the Customs Office in Yuma, Arizona, that its agents had information that Michael Larrabee ("Larrabee") of 2794 Glengarry Drive, Lake Havasu City, Arizona, had been trafficking in child pornography. Acting on this information, Arizona Customs agents served a federal search and seizure warrant on Larrabee's residence and his America Online ("AOL") account. In the course of the search of the AOL account, the agents noticed that Larrabee had transmitted images of child pornography to someone using the screen name *"Carols459@aol.com."*

The Arizona Customs agents subsequently used an administrative summons to obtain records from AOL for the subscriber information relating to the screen name *"Carols459@aol.com."* According to AOL, the screen name *"Carols459@aol.com"* was registered to:

Jay Sherr

6710 Ritchie Highway # 485

Glen Burnie, Maryland 21061

Telephone number: (410) 761–2241

The Customs agents in Arizona notified the Customs Office in Baltimore, Maryland, of their information about the defendant. On July 8, 2003, a Baltimore-based Inspector of the U.S. Postal Inspection Service conducted an undercover online conversation with the defendant, during which the defendant indicated his interest in trading "nude pics" involving "preteen" subjects.[2] The Postal Inspector subsequently tried to initiate two additional online conversations with the defendant, with no success.

In August 2003, Customs agents and Postal inspectors executed a federal search warrant at the defendant's residence, which was located at 210 Spring Maiden Court, #103, Glen Burnie, Maryland 21060. On the day that Customs agents executed the federal search warrant at the defendant's residence, they interviewed the defendant, who in a brief statement said that he knew the agents were at his house because "of the pictures on his computer."

The agents seized the defendant's personal computer from his residence. Since then, Customs has carried out a forensic examination of the defendant's computer. The examination to date shows that the defendant had a substantial collection of child pornography on his computer, including 147 still images and eight videos of identified minors engaged in sexually explicit conduct.

## ANALYSIS

1. Motion to Suppress Search and Seizure.

A. *Probable Cause*

 As stated at the hearing, the affidavit is supported by probable cause. The evidence of three separate occasions in January 2003 on which images of minors engaged in sexually explicit conduct were transmitted from Larrabee to the defendant's AOL account, in combination with the defendant's online "chat" with an undercover agent on July 8, 2003, indicating his interest in trading "nude pics" involving "preteen" subjects, supports the conclusion that the defendant was probably engaged in knowingly trading child por-

---

October 14, 2005.

**2.** The affidavit supporting the federal search warrant erroneously stated that the Postal Inspector conducted an online conversation

with the defendant on July 8, 2002, when in fact the conversation occurred on July 8, 2003.

nography over the Internet and accordingly that relevant evidence would be found on his computer as of August 2003. As stated at the hearing, the affidavit must be read in a commonsense fashion, and the obvious typographical error of July 8, 2002, rather than July 8, 2003, does not invalidate the warrant. Further, the agent's failure to include in the affidavit the fact that the defendant did not respond to two later attempts to reach him online does not provide a basis for a *Franks* hearing, as no wilful material omission has been shown. *Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Finally, the probable cause in the affidavit was not stale, despite the fact that there was an eight month delay between the defendant's receipt of child pornography in January 2003 and the issuance of the search warrant in August 2003. It is well established that information in support of probable cause in child pornography cases is less likely to become stale because collectors and traders of child pornography are known to store and retain their collections for extended periods of time. *See, e.g., United States v. Ricciardelli,* 998 F.2d 8, 12, n. 4 (1st Cir.1993) ("history teaches that [child pornography] collectors prefer not to dispose of their dross, typically retaining obscene material for years."); *United States v. Lacy,* 119 F.3d 742 (9th Cir.1997) (10–month old information in support of probable cause was not stale). Moreover, the defendant's online chat in July 2003 indicated that his interest in child pornography was continuing.

## B. *Good Faith*

In the event I am wrong about the presence of probable cause in the affidavit, suppression nevertheless would be inappropriate under *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

## C. *Images*

Nothing in the affidavit, including the statutory definitions cited, suggests that the agent is referring to anything other than real, actual children in the images described for the magistrate judge. As other courts have explained, the Supreme Court's holding in *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), expressly limited its holding to the two provisions that expanded the definition of child pornography to include virtual child pornography. *See, e.g., United States v. Ellyson,* 326 F.3d 522, 531 (4th Cir.2003); *United States v. Kelly,* 314 F.3d 908, 912–13 (7th Cir.2003); *United States v. Kimler,* 335 F.3d 1132, 1141 (10th Cir.2003). Hence, while *Free Speech Coalition* held that the Child Pornography Prevention Act's ("CPPA") ban on virtual child pornography could not survive a First Amendment challenge, nothing in that decision invalidates the provisions making it criminal to possess and distribute traditional child pornography involving real children. Indeed, Sherr has been charged with a violation of 18 U.S.C. § 2252(a)(4), which requires proof both that "the producing of such visual depiction involves the use of a minor engaged in sexually explicit conduct" and that "such visual depiction is of such conduct." 18 U.S.C. § 2254(a)(4)(B)(i) and (ii). These elements correspond to the definition of child pornography that predated the CPPA amendments, now found in 18 U.S.C. § 2256(8)(A), which was not invalidated in *Free Speech Coalition.*

Further, given the explicit descriptions in the affidavit, there was no need for the magistrate judge to personally review the images. Regardless, the AUSA proffered at the hearing that the magistrate judge did in fact review the images.

### D. Alleged Violations of 18 U.S.C. §§ 2701–2712

■ The affidavit recites that the government agent "requested" subscriber information from AOL for the screen name "Carols459@aol.com." In fact, the agent used an administrative summons as authorized by 19 U.S.C. § 1509. I will assume, without deciding, that the agent's use of an administrative summons pursuant to § 1509 violated the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2701 et. seq., as argued by the defendant.

The remedy for a violation of the ECPA, however, is a civil action for damages, not suppression of evidence. See United States v. Kennedy, 81 F.Supp.2d 1103 (D.Kan.2000). The statute specifically allows for civil damages under certain circumstances, see 18 U.S.C. §§ 2707, 2712, and criminal punishment, see § 2701(b), for violations of the ECPA, but says nothing about the suppression of information in a court proceeding. As the Kennedy court explained, "Congress clearly intended for suppression not to be an option for a defendant whose electronic communications have been intercepted in violation of the ECPA." 81 F.Supp.2d at 1110. Indeed, the statute specifically states that "the remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter." 18 U.S.C. § 2708.

■ The defendant's constitutional rights were not violated when AOL divulged his subscriber information to the government. The defendant avers that he had a reasonable and legitimate expectation of privacy in the subscriber information that he provided to AOL. Def.'s Mem. in Supp. of Mot. to Suppress Illegal Search and Seizure 1–2; Def.'s Reply Mem. 2–4; Def.'s Supp. Mot. and Mem. to Suppress Search Warrant 1. The courts that have already addressed this issue, however, uniformly have found that individuals have no Fourth Amendment privacy interest in subscriber information given to an ISP. See, e.g., United States v. Hambrick, 55 F.Supp.2d 504 (W.D.Va.1999), aff'd, 225 F.3d 656 (4th Cir.2000); Guest v. Leis, 255 F.3d 325, 335–36 (6th Cir.2001); Kennedy, 81 F.Supp.2d at 1110; United States v. Cox, 190 F.Supp.2d 330, 332 (N.D.N.Y. 2002). Defendant tries to distinguish his case from the circumstances of Hambrick by pointing out that he, unlike the defendant in that case, had an agreement between the defendant and AOL that limited AOL's right to release his biographical data to third parties. Def.'s Reply Mem. 2–3. The protection provided by the AOL agreement, however, was not absolute. For instance, AOL could share subscriber information "in response to legal process, such as a court order or subpoena, or in special cases such as a physical threat to you or others." Def's Reply Mem., App. A at 2. Likewise, under the ECPA, AOL could disclose information to governmental entities. See 18 U.S.C. § 2703(c). Therefore, I conclude that, despite the limited protection provided by the AOL agreement, Sherr did not have a legitimate expectation of privacy in the "non-content" biographical information which he gave to AOL, a third-party, sufficient to warrant protection under the Fourth Amendment.

### 2. Motion to Dismiss Indictment.

### A. Overbreadth.

Citing Free Speech Coalition, the defendant challenges the indictment, claiming that the definition of child pornography articulated in 18 U.S.C. § 2256(8)(B) is unconstitutionally over-broad because it prohibits the possession of virtual child pornography. It is not necessary for the court to address the constitutionality of that definition because it is inapplicable to

this case. The defendant has been charged with violating 18 U.S.C. § 2252(a)(4)(B), not 18 U.S.C. § 2252A(a)(4)(B). The definition of child pornography in 18 U.S.C. § 2256(8) is applicable to the latter statute, not the former.[3] Moreover, there is an important distinction between these two statutes. Pursuant to 18 U.S.C. § 2252(a)(4)(B), the government must prove beyond a reasonable doubt that at least one of the images the defendant is alleged to have possessed depicts an actual minor engaged in sexually explicit conduct. As the court has already explained, nothing in the affidavit, including the statutory definitions cited, suggests that the agent is referring to anything other than real, actual children in the images described for the magistrate judge. Indeed, in his papers, defendant criticizes the provisions of 18 U.S.C. § 2256(8)(B), which allegedly bans the possession of virtual child pornography, but never addresses the definition of "sexually explicit conduct" in 18 U.S.C. § 2256(2)(A). Because he apparently has no quarrel with § 2256(2)(A), his argument must fail.

### B. Right to Privacy

Defendant next asserts that the statute is unconstitutional because it penalizes the "constitutionally protected right to privacy." Def. Mem. in Supp. of Mot. to Dismiss Indictment 3. To be more precise, the defendant argues that § 2256(1), which defines a "minor" as "any person under the age of 18 years," may infringe on the right of married 16– or 17–year–olds, who are above the age of consent under federal law, to photograph each other engaged in sexually explicit conduct. *Id.* at 4. The defendant's argument fails for two reasons.

First, the defendant appears to lack standing to make this claim. The constitutional requirement of standing exists to ensure that a litigant has a sufficient personal stake in an otherwise justiciable controversy such that the judicial process can resolve the controversy. *Sierra Club v. Morton,* 405 U.S. 727, 731–32, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Assuming that the right to privacy extends to such activity, the indictment does not allege that the defendant engaged in said behavior, so he has no personal stake. Indeed, the defendant is an adult male whom the indictment alleges was in possession of more than 150 images depicting known minors engaged in explicit sex acts. Nor does the defendant have standing to raise this claim on behalf of a third-party. In *United States v. Holm,* 326 F.3d 872, 874–875 (7th Cir.2003), the Seventh Circuit denied third-party standing to a defendant who similarly was convicted of possessing material depicting minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). On appeal, the defendant in *Holm* argued that § 2252 is unconstitutional because it criminalizes possession of child pornography by law enforcement officials and defense attorneys involved in criminal cases. While the court recognized that, in the context of the First Amendment, courts have taken a more liberal approach to the ability of one private party to assert the rights of another party, it also observed that third-party standing "typically occurs only where the court is convinced that the party whose rights are most clearly implicated may not be in a position to assert those rights effectively." *Id.* at 875. Here, there is no

---

3. Likewise, the defendant also attacks the constitutionality of 18 U.S.C. § 2256(11). This statute provides part of the definition of "child pornography," which is the basis of any violation of 18 U.S.C. § 2252A, not 18 U.S.C. § 2252(a)(4)(B), which is the statute the defendant is alleged to have violated. As such, this argument is irrelevant, because it does not pertain to the crime for which the defendant has been indicted.

allegation that married 16– and 17–year–olds cannot bring a suit to enforce their right to take sexually explicit photographs. Accordingly, this defendant, like the defendant in *Holm*, lacks standing.

■ Second, it is not apparent that any privacy interest is infringed by § 2252(a)(4)(B). The defendant asserts, citing *Lawrence v. Texas*, 539 U.S. 558, 123 S.Ct. 2472, 156 L.Ed.2d 508 (2003), that "if those individuals under 18 have a constitutionally protected right to engage in sex, even sodomy, it is clear that activities ancillary to their lawful sexual activities, such as creating images, may not be prohibited." Def. Mem. in Supp. of Mot. to Dismiss Indictment 4. As a threshold matter, it is important to differentiate *Lawrence* from the present case. The liberty interest in *Lawrence* was the right of adults to engage in consensual sexual relations in private. Here, by contrast, the defendant is asserting the right of minors to post sexually explicit images on the Internet. The constitution offers less protection when sexually explicit material depicts minors rather than adults. *See New York v. Ferber*, 458 U.S. 747, 756–764, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). Moreover, this court disagrees with the defendant's argument, for the same reasons articulated by *United States v. Bach*, 400 F.3d 622, 629 (8th Cir.2005). In *Bach*, the court rejected a similar challenge to § 2254(a)(4)(B) under *Lawrence*, holding that Congress may regulate all child pornography—including child pornography involving minors under the age of 18, but above the age of consent—if Congress has a rational basis for doing so. *Id.* The *Bach* court found that Congress does, in fact, have a rational basis for regulating all pornography involving minors under the age of 18, because the previous ceiling of 16 had hampered enforcement of the child pornography laws. *See id.* As the Eighth Circuit explained, "the congressional choice to regulate child pornography by defining minor as an individual under eighteen is rationally related to the government's legitimate interest in enforcing child pornography laws." *Id.* Accordingly, § 2254(a)(4)(B) does not unconstitutionally infringe upon any valid privacy interest.

C. Confrontation Clause

■ Defendant asserts that 18 U.S.C. § 2252A(e) "prohibits a defendant's right to subpoena to trial and question a witness that the government claims is depicted in the contraband at issue." Def. Mem. in Supp. of Mot. to Dismiss Indictment 7. By its terms, however, the statute merely establishes that a minor depicted in child pornography need not reveal his or her "... name, address, social security number, or other non-physical information...." 18 U.S.C. § 2252A(e). The statute does not significantly limit the defendant's right to cross-examination, nor does it deny a defendant's right to call witnesses. Moreover, the Supreme Court has upheld the constitutionality of special protections taken in furtherance of the State's interest in protecting the physical and psychological well being of minor victims and witnesses. *See, e.g., Maryland v. Craig*, 497 U.S. 836, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990) (upholding against a Confrontation Clause challenge a Maryland statute allowing for testimony from child sex abuse victims via one-way video conference). The court finds that the relatively trivial limitations on the admissibility of certain identification information codified in 18 U.S.C. § 2252A(e) are permissible and not in violation of the Sixth Amendment, particularly in light of the exception for "good cause shown."

3. Motion to Dismiss Indictment on Ex Post Facto Grounds

The defendant asks the court to dismiss the indictment on the basis that it violates

the Ex Post Facto Clause of the United States Constitution. According to the motion, the statute under which Sherr is charged, 18 U.S.C. § 2252, was not enacted until April 30, 2003. This information is incorrect, however, as § 2252 was first enacted in 1978. Thus, prosecuting Sherr for the possession of pornography he allegedly acquired in January or February 2003 is not unconstitutional.

4. Motion to Compel Government to Execute Outstanding Search Warrant as to the Defendant's AOL Account.

The search warrant has been executed and therefore the motion is moot.

5. Motion to Compel Government to Produce Documents and Proffer as to the Search of the Hard Drive.

At the hearing July 7, 2005, the government produced testimony and documents from the agent who performed the search of the defendant's hard drive. Based on that testimony, and considering the agent's qualifications and the focused nature of his examination, and as stated on the record at the hearing, the government did not perform a prohibited "general search." *See Andresen v. Maryland,* 427 U.S. 463, 480, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976). No Fourth Amendment violation has been shown.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. The defendant's Motion to Suppress the Illegal Search and Seizure (docket entry no. 12) and his Supplemental Motion to Suppress Search Warrant (docket entry no. 35) are **Denied;**

2. the defendant's Motion to Dismiss Indictment (docket entry no. 15) is **Denied;**

3. The defendant's Motion to Dismiss the Indictment on Ex Post Facto Grounds (docket entry no. 23) is **Denied;**

4. the defendant's Motion to Compel Government to Execute Outstanding Search Warrant to the Defendant's AOL Account (docket entry no. 13) is **Denied as moot;**

5. the defendant's Motion to Compel Government to Produce Documents and Proffer as to the Search of the Hard Drive (docket entry no. 14) is **Granted in part and Denied in part;**

6. copies of this Order and the accompanying Memorandum shall be sent to counsel of record; and

7. counsel will be contacted to set a trial date.