UNITED STATES of America

v.

**James B. COX, Defendant.**

**No. 01–CR–481.**

United States District Court, N.D. New York.

March 11, 2002.

Robert P. Moran, Jr., Esq., Rome, NY, for Defendant.

Joseph A. Pavone, United States Attorney, Northern District of New York (Brenda K. Sannes, Esq., Assistant U.S. Attorney, of Counsel), Syracuse, NY, for Defendant.

## MEMORANDUM–DECISION AND ORDER

MORDUE, District Judge.

### I. Introduction

Defendant, James Cox is charged with receipt, distribution and possession of child pornography via the internet in violation of

18 U.S.C. §§ 2252A(a)(2)(A) and (5)(B). He presents an omnibus motion seeking the following relief: (1) suppression of all physical evidence seized directly or indirectly from defendant; (2) suppression of defendant's statements; (3) a protective order permitting defendant to possess the contraband material at issue herein during the pendency of these criminal proceedings; (4) dismissal of the indictment; (5) an order directing the government to produce all "*BradyKyles* and *Bagley–Giglio* material;" (6) an order directing the government to provide expert witness disclosure; and (7) an order permitting "renewal of motions."

## II.  Discussion

The Court addresses defendant's multiple requests for relief *seriatim.*

### A.  Suppression of Physical Evidence

■ Defendant seeks suppression of evidence seized at his home and from his computer on the basis that the search warrants issued in this case were not supported by probable cause. To wit, his counsel avers that the "subscriber information" defendant provided to America OnLine ("AOL") to obtain his internet account and user name was private and that there was no probable cause to support the warrant issued by the Municipal Court of Xenia, Ohio which allowed police to obtain a billing address from AOL for the "screen name" used by defendant in trading pornographic images of children. Defendant has provided no factual averments to support his contention that he had a reasonable or legitimate expectation of privacy in the subscriber information he provided to AOL. Rather, the only "facts" concerning his alleged entitlement to privacy are presented by defendant's counsel who has no personal knowledge in this case. *See United States v. Barrios,* 2000

WL 419940, *1, 210 F.3d 355 (2d Cir.2000) (defendant moving for suppression of evidence must support motion with papers which are "sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, **including an affidavit from someone alleging personal knowledge of the relevant facts.**") (emphasis added). An affidavit submitted by a defense attorney without personal knowledge of the facts is insufficient. *See id; see also United States v. Belin,* 2000 WL 679138 (S.D.N.Y.2000); *United States v. Harris,* 2000 WL 1229263 (S.D.N.Y.2000); *United States v. Jailall,* 2000 WL 1368055 (S.D.N.Y.2000); and *United States v. Jones,* 2000 WL 1448640 (S.D.N.Y.2000).

■ As a further matter, defendant provides no legal authority for his contention that he was entitled to privacy insofar as the subscriber information he provided to AOL. Perhaps that is because courts have already held that criminal defendants have no Fourth Amendment privacy interest in subscriber information given to an internet service provider. *See United States v. Kennedy,* 81 F.Supp.2d 1103, 1110 (D.Kan. 2000) (defendant's constitutional rights were not violated when Road Runner divulged his subscriber information to government; defendant did not demonstrate objectively reasonable legitimate expectation of privacy in his subscriber information) (citing *Katz v. United States,* 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)) ("[W]hat a person knowingly exposes to the public, even in his home or office, is not a subject of Fourth Amendment protection."); *Smith v. Maryland,* 442 U.S. 735, 743–44, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979) ("[A] person has no legitimate expectation of privacy in information he voluntarily turns over to third parties.").

■ Defendant avers further that the warrant executed by United States Magistrate Judge Gary L. Sharpe which allowed the Federal Bureau of Investigation ("FBI") to search defendant's home and seize his personal computer among other things was not supported by probable cause since the allegations in the warrant application were "stale" and did not establish probable cause that the computer activity related to the AOL account billed to defendant's residence was actually occurring at the residence. The Court disagrees.

■ In assessing whether probable cause supported the issuance of the warrant, a Court must consider whether, under the totality of the circumstances, the application in support of the warrant contained two factual showings: "first, that a crime was committed, and second, that there is probable cause to believe that evidence of such crime is located at the residence." *United States v. Travisano,* 724 F.2d 341, 345 (2d Cir.1983); *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). "In considering the quantum of evidence required, it is only a probability, and not a *prima facie* showing of criminal activity that is the standard of probable cause." *Travisano,* 724 F.2d at 346. Once a magistrate judge determines that probable cause exists, a reviewing court accords great deference to that determination. *See Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *United States v. Martin,* 157 F.3d 46, 52 (2d Cir.1998); *Illinois v. Gates,* 462 U.S. at 236, 103 S.Ct. 2317.

■ "In determining whether probable cause exists, the magistrate is required to assess whether the information adduced in the application appears to be current, i.e., true at the time of the application, or whether it has become stale." *Rivera v. United States,* 928 F.2d 592, 602 (2d Cir.

1991). Where an affidavit contains facts indicating that the suspected activity is continuing in nature and when the property is not likely to be destroyed, the passage of time between the receipt of the information and the search becomes less significant in assessing probable cause. *United States v. Smith,* 9 F.3d 1007, 1014 (2d Cir.1993). In child pornography cases, courts have repeatedly recognized that collectors of child pornography tend to retain this material. As Senior District Judge Munson of this District noted:

> The observation that images of child pornography are likely to be hoarded by persons interested in those materials in the privacy of their homes is supported by common sense and the cases. Since the materials are illegal to distribute and possess, initial collection is difficult. Having succeeded in obtaining images, collectors are unlikely to quickly destroy them. Because of their illegality and the imprimatur of severe social stigma such images carry, collectors will want to secret them in secure places, like a private residence. This proposition is not novel in either state or federal courts: pedophiles, preferential child molesters, and child pornography collectors maintain their materials for significant periods of time.

*United States v. Lamb,* 945 F.Supp. 441, 460 (N.D.N.Y.1996); *see also United States v. Ricciardelli,* 998 F.2d 8, 12, n. 4 (1st Cir.1993) ("[h]istory teaches that collectors [of child pornography] prefer not to dispose of their dross, typically retaining obscene materials for years"); *United States v. Hay,* 231 F.3d 630, 633–36 (9th Cir.2000), *cert. denied,* —— U.S. ——, 122 S.Ct. 135, 151 L.Ed.2d 88 (2001) (probable cause to believe child pornography would be found in defendant's computer despite passage of six months from single transmission of nineteen computer graph-

ic files containing child pornography to defendant's computer because affidavit explained that collectors of child pornography rarely if ever dispose of it, and because affidavit explained how, even if defendant had deleted files, they could still be retrieved by computer expert).

In this case, the warrant affidavit submitted by Special Agent Derrane of the FBI averred that the user of the AOL account in question, who had received numerous images of child erotica and child pornography over an almost three-year period, would likely retain the images he collected and that these images could be retrieved by a forensic computer analysis. Moreover, the affidavit, which detailed the daily AOL account activity, "most notably between 6 p.m. and 2 a.m." amply set forth probable cause to suggest that the computer activity was occurring at the residence.

Based on the above, defendant's motion for suppression of physical evidence seized from his home and computer is DENIED.

### B. Suppression of Defendant's Statements

As referenced above, any motion to suppress must be accompanied by an affidavit from someone asserting personal knowledge of the alleged constitutional deprivation. Because defendant has failed to produce competent evidence in admissible form of any misconduct on the part of law enforcement or any constitutional deprivation, his motion for suppression of his statements is DENIED.

### C. Return of Seized Evidence to Defendant

██ Defendant contends that he is entitled to return of the contraband material at issue in this case during the pendency of these criminal proceedings. He is mistaken. The government has indicated it will make any and all evidence seized from defendant's home and computer available to him for inspection but not copying upon reasonable notice. Defendant provides no factual basis for his assertion that physical possession of the government's evidence is necessary to adequately prepare his defense nor does he cite legal authority which suggests he is entitled to return of illegal materials seized in the course of a criminal investigation. Based thereupon, defendant's motion for a protective order requiring the government to provide him with copies of its physical evidence is DENIED.

### D. Dismissal of the Indictment

██ Defendant asserts he is entitled to dismissal of the indictment against him pursuant to Rule 7 of the Fed.R.Crim.P. on the ground that the evidence before the grand jury was insufficient. Defendant also moves for inspection of the grand jury minutes. Courts do not review the sufficiency of the evidence presented to a federal grand jury. *See Costello v. United States,* 350 U.S. 359, 363–64, 76 S.Ct. 406, 100 L.Ed. 397 (1956). Moreover, review of grand jury minutes is "rarely permitted without specific allegations of government misconduct," *United States v. Torres,* 901 F.2d 205 (2d Cir.), *cert. denied* 498 U.S. 906, 111 S.Ct. 273, 112 L.Ed.2d 229 (1990). Defendant has failed to allege any specific, substantiated abuse of the grand jury process and has failed to particularize his need for pre-trial disclosure of grand jury minutes. Consequently, defendant's motion for dismissal of the indictment and/or inspection of the grand jury minutes is DENIED.

### E. Request for *Giglio* Material

Defendant requests that the government turn over any and all information concerning agreements between the prosecution and potential witnesses in this case. The

government does not state whether any such material exists. The government is hereby ORDERED to advise defense counsel within ten (10) days of the existence of any such information. Defendant's request for disclosure of *Giglio* material is therefore DENIED.

### F. Request for *Brady* Material

Defendant requests that the government turn over any and all information which could be deemed exculpatory in this case. Here, the government acknowledges its continuing duty under *Brady* and has acknowledged that should exculpatory evidence become available in the future or be discovered it will be provided to defendant. Because the government has stated that it will disclose any material exculpatory evidence in its possession upon learning of such evidence, defendant's demand for *Brady* materials is DENIED.

### G. Expert Witness Disclosure

Defendant seeks an order requiring the government to provide expert witness disclosure. The government does not state whether it has retained any experts who will testify at defendant's trial but pursuant to Rule 16 of the Fed.R.Crim.P. it must so advise defendant prior to trial. Since the government acknowledges its discovery obligations under the Court's pre-trial order, defendant's motion on this issue is DENIED.

### H. Leave to Renew Motions

Defendant seeks leave to renew motions if necessary based on new information. The defendant will be permitted to renew his present motions only for good cause shown should additional discovery produce new material facts and issues. The Court will not, however, permit defendant to renew motions that rehash the issues presented in the current omnibus motion and will not grant leave to make additional motions based on information and legal arguments which could have been brought through the exercise of due diligence as part of the motions before the Court today. The Court will exercise its discretion in determining the validity of any future motions. Accordingly, defendant's request is DENIED.

### III. Conclusion

In sum, defendant's motion for: (1) suppression of physical evidence is DENIED; (2) suppression of defendant's statements is DENIED; (3) a protective order requiring the government to turn over to defendant or provide him with copies of seized evidence is DENIED; (4) dismissal of the indictment and/or for inspection of grand jury minutes is DENIED; (5) *Giglio* material is DENIED; (6) *Brady* material is DENIED; (7) expert witness disclosure is DENIED; and (8) leave to renew motions in light of future evidence discovered by defendant is DENIED. It is further

ORDERED that the government is to advise defense counsel of the existence of any *Giglio* material within ten (10) days.

**IT IS SO ORDERED.**