UNITED STATES of America

v.

Michael CADET, Defendant.

No. 05–CR–918 (ILG).

United States District Court,
E.D. New York.

March 29, 2006.

Andrea Goldbarg, U.S. Attorneys Office, Brooklyn, NY, for Plaintiff.

Deborah A. Colson, Federal Defenders of New York, Inc., Legal Aid Society, Brooklyn, NY, for Defendant.

*MEMORANDUM AND ORDER*

GLASSER, Senior District Judge.

### INTRODUCTION

Michael Cadet ("Defendant") is charged in an eleven-count indictment with the advertisement, distribution and possession of child pornography. The top count, an advertising charge, requires a mandatory minimum term of imprisonment of fifteen years. *See* 18 U.S.C. §§ 2251(d)(1)(A) and 2251(e). Pursuant to Rule 16 of the Fed. R.Crim. Proc., Defendant has requested copies of all materials seized from the Defendant, including but not limited to a mirror image of each of the computer hard drives, computer discs, CD–ROMs, videotapes and pictures. The government submits that the Defendant is not entitled to this material and that he will not be unduly prejudiced by the government's refusal to provide it to him.

### BACKGROUND

On August 2, 2005, an undercover agent, as part of an ongoing investigation into the distribution of child pornography, entered a relay chat room entitled "# 100% Pre-TeenGirlsSexPics." Once in the chat room, the undercover agent observed an advertising banner promoting child pornography; the agent followed the prompts and thereafter received 11 images of allegedly underage children being abused. Several of the children in these images have been identified. Subsequent investigation revealed that the advertising banner and attendant F–Serve were operated by the Defendant. Accordingly, a search of the Defendant's home followed and thousands of images of alleged child pornography were recovered, including videos and

images, some of which match those sent to the undercover agent by the Defendant's F–Serve in August. The Defendant was indicted by a grand jury in this District.

Subsequent to his arrest, the government provided the Defendant with discovery and, pursuant to its policy, advised him that it would not provide him with copies of the seized images of alleged child pornography. The government advised defense counsel that it could inspect the images at the offices of Immigration and Customs Enforcement, on a government computer, subject to the supervision of ICE officers.

### DISCUSSION

Whether Rule 16 entitles a Defendant accused of child pornography to obtain discovery copies of the alleged pornographic materials that will be introduced against him is a question of some controversy that has yet to be addressed by the Second Circuit. Two other Circuit courts have discussed the legal considerations in denying defendants' motions. *See United States v. Horn,* 187 F.3d 781 (8th Cir.1999) (upholding denial of discovery where defendant failed to show prejudice); *United States v. Kimbrough,* 69 F.3d 723 (5th Cir.1995) ("declin[ing] to find that Rule 16 provides such contraband can be distributed to, or copied by, the defense."). *See also United States v. Husband,* 246 F.Supp.2d 467 (E.D.Va.2003) (holding government's offer to make videotape available for inspection, but not for copying, did not violate Rule 16); *United States v. Cox,* 190 F.Supp.2d 330 (N.D.N.Y.2002) (denying defendant's motion where he "provide[d] no factual basis for his assertion that physical possession of the government's evidence is necessary to adequately prepare his defense."). But district courts, including two courts in this district, have reached contrasting conclusions. *See United States v. Aldeen,* No. 06–CR–31,

2006 WL 752821 (E.D.N.Y. March 16, 2006) (Townes, J.) (granting defendants' motion where the defendant "demonstrated an adequate amount of inconvenience if his Team is not provided with a copy of the entire hard drive."); *United States v. Frabizio,* 341 F.Supp.2d 47 (D.Mass.2004); *United States v. Hill,* 322 F.Supp.2d 1081 (C.D.Ca.2004); *United States v. Kirzhner,* No. 02–CR–387, slip op. (E.D.N.Y.June 14, 2002) (Garaufis, J.) (granting defendant's motion for the exclusive and limited purpose of permitting a psychiatrist to examine the images in order to assist in preparing a defense.).

Rule 16 provides, in relevant part, that "the government must permit the defendant to inspect and to copy ... data ... within the government's possession custody, or control [if]: (i) the item is material to preparing the defense; [or] (ii) the government intends to use the item in its case-in-chief at trial."

The government's position is that child pornography is contraband. *See* 18 U.S.C. § 2252A(a)(4)(B); *New York v. Ferber,* 458 U.S. 747, 756–59, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). Thus, "[j]ust as there is no obligation to provide a defendant with seized narcotics or weapons ... there is no obligation to provide this defendant with copies of the illegal material seized in this case." (Gov't Mem. at 2 (citing *Horn,* 187 F.3d at 792; *Kimbrough,* 69 F.3d at 731)). At the outset, the government's contention that it is under "no obligation" to provide a defendant with access to seized narcotics or weapons is incorrect. The government can not dispute its obligation, for example, to allow a defendant to inspect and test an alleged narcotic belonging to defendant in the Government's possession. *See, e.g., United States v. Acarino,* 270 F.Supp. 526 (E.D.N.Y.1967). Nor does the government provide authority for the proposition that it can, in its discretion, prevent a defen-

dant from having his own expert examine a firearm the government intends to introduce in its case-in-chief. The government's bald assertion of privilege conflates its mandatory discovery obligations, defined by Rule 16(a)(1)(E) and admitting of no "contraband" exception,[1] with its right to apply to the court for a protective or modifying order under Rule 16(d)(1). The former subsection imposes an absolute obligation to discover certain documents and objects; the latter allows the court, "for good cause, [to] deny, restrict, or defer discovery or inspection, or grant other appropriate relief."

Without doubt, good cause exists to restrict the unregulated discovery of computer files containing alleged child pornography. The Court is sensitive to the considerations that such materials are *prima facie* contraband, the ease with which computer files are duplicated and transmitted, and the Supreme Court's observation that "as a permanent record of a child's abuse, the continued circulation . . . would harm the child who had participated. Like a defamatory statement, each new publication . . . would cause new injury to the child's reputation and emotional well-being." *Ashcroft v. Free Speech Coalition,* 535 U.S. at 249, 122 S.Ct. 1389. However, the Court is also mindful that overly burdensome regulation unjustifiedly undermines Rule 16's mandatory discovery provisions, which were instituted upon the belief that "broad discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise . . . and by otherwise contributing to an accurate determination of the issue of guilt or innocence." Rule 16 Advisory Committee Notes, 1974 Amendments. To adopt the government's position that the "defendant has made no showing of need," and thus is not entitled to copy the files, turns the mandatory discovery obligation of Rule 16(a)(1)(E) on its head. It is the government's obligation to demonstrate that good cause exists to preclude copying of files in its possession.

To that end, the government suggests that the risk of unlawful duplication and circulation of the material if it gives a copy to the defense, when factored by the risk of harm to the children should the images be retransmitted, outweighs defense counsel's need to have the materials in preparation for trial. While the continued circulation of these images would certainly and greatly harm the children who appear in the images, the Court declines to equate the use of the files by defense counsel for the preparation of a defense with the "continued circulation" and "publication" contemplated in *The Free Speech Coalition.* The government's position contains within it the subliminal implication that a defense attorney is less sensitive to the harm to children "continued circulation" may cause and is therefore less responsible to prevent it than an attorney for the government. The Court sees no reason to support that implication; there is no greater risk in granting defense counsel a copy of the files for the preparation of its defense under a suitable protective order than exists in the government's maintenance and use of the files in preparation of its own case.

Indeed, there is a much greater likelihood that the Defendant would be harmed in his ability to prepare a defense by lim-

---

**1.** It is clear that the discovery obligation is absolute, and not discretionary. "[S]ubdivision (a)(1)(C) [now (a)(1)(E)] . . . contains language to *compel* disclosure if the government intends to use the property as evidence at the trial or if the property was obtained from or belongs to the defendant." Rule 16 Advisory Committee Notes, 1974 Amendments (emphasis supplied).

ited access to the materials on the government's terms than there is that the materials will be further distributed by the defense in contravention of the Court's order. As noted by Judge Garaufis, in the wake of *The Free Speech Coalition*, "many defendants charged with child pornography crimes will seek expert analysis of the images that form the basis of the charges against them in order to determine whether the images constitute actual child pornography or whether they are constitutionally protected virtual images." *Kirzhner*, at 5 n. 2. Whether or not this is such a case, defense counsel has proffered its need to have psychiatric and computer experts evaluate the evidence and reasonable grounds for finding the government's restrictions to be overly burdensome.

Accordingly, defense counsel is entitled to receive a copy of the computer files at issue subject to the following restrictions:

(1) Only Deborah Colson (Defendant's counsel), the psychiatrist and computer expert whom Defendant hires, and one associate to be designated by counsel, (the "Authorized Parties") all of whom are to be named in an affidavit submitted to the Court before the copy is provided, are permitted to view and examine the material. Defendant may not view the images, absent further order of this Court.

(2) Counsel herself is responsible for ensuring that no unauthorized individual views or examines the material. She shall ensure that possession and control of the copy of the material remain with the Authorized Parties at all times and that the Authorized Parties are strictly prohibited from further copying, distributing or displaying any of the material to anyone other than the Authorized Parties.

(3) An Authorized Party shall not willfully destroy, erase, or alter the copy of the material that he or she receives.

(4) Any computer used to analyze the material shall be a "stand alone" computer, not connected to any network, and only connected to a local printer.

(5) An Authorized Party shall be present at all times any local printer is connected and/or images are being accessed or reproduced for examination purposes.

(6) All Authorized Parties shall sign a written acknowledgment that they have received and understand the contents of this Memorandum and Order prior to receiving the copy of the images. A copy of this Memorandum and Order shall be kept with the materials during such time as they remain with the Authorized Parties.

(7) At the conclusion of the case against Defendant, including any appeals, any hard copies of the images generated by the Authorized Parties shall be destroyed and the disk shall be returned to the Assistant United States Attorney.

(8) The Authorized Parties are hereby protected from prosecution while possessing, in accordance with the terms and provisions of this Memorandum and Order, the allegedly contraband materials that are the subject of this case.

(9) In the event that defense counsel determines that there is a need to disclose the material to anyone other than the Authorized Parties for purposes of constructing the defense case, defense counsel shall notify the court in writing and *ex parte* as to the name of any such individual and

the purpose of the contemplated disclosure.

(10) No later than 30 days following the conclusion of this case in this Court, defense counsel shall certify to the Court that, to the best of her knowledge and belief, all requirements set forth in the provisions of this Memorandum and Order have been satisfied.

### CONCLUSION

In accordance with this order, the government shall provide the defense with copies of all materials seized in this case including, but not limited to, mirror images of any and all computer hard drives, computer discs, CD ROMs, videos, pictures, email messages, instant messages, chat room dialogues, and advertisements. The government shall also make clear which of these items contains material the government believes is contraband.

SO ORDERED.