**UNITED STATES of America,**

v.

**Warren SPIVACK, Defendant.**

**No. 05–CR–98 (ERK)(JMA).**

United States District Court,
E.D. New York.

Nov. 29, 2007.

Benton J. Campbell, United States Attorney, Eastern District of New York, by Daniel A. Spector, Assistant United States Attorney, Jan Rostal, Federal Defenders of New York, Inc., Brooklyn, NY, for Defendant.

### MEMORANDUM & ORDER

AZRACK, United States Magistrate Judge:

By order dated October 4, 2007, defendant's motion to compel discovery was referred to me for decision by the Honorable Edward R. Korman, United States District Judge. A hearing on the motion was held on November 8, 2007. Based on my review of the parties' submissions, the parties' oral arguments, and for the reasons stated herein, I deny defendant's motion to compel disclosure of the mirror image of the computer hard drive seized from the defendant's computer.

### I. BACKGROUND

The defendant is charged with transporting child pornography by means of a computer and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(a)(5)(B). The defendant now seeks disclosure of a mirror image of the computer hard drive which was seized from his computer, claiming that the disclosure provisions of the Adam Walsh Child Protection and Safety Act of 2006 (hereinafter "Walsh Act"), which govern discovery in the instant case, violate his rights to effective assistance of counsel, due process and equal protection, and violate the doctrine of separation of powers.

The government objects to defendant's request as violating the Walsh Act, and has offered to make the hard drive available to defense counsel for inspection at the United States Attorney's Office in Brooklyn or at the Federal Bureau of Investigation offices in Manhattan.

## II. *APPLICABLE LAW*

Defendant's request is governed by 18 U.S.C. § 3509(m), a provision of The recently enacted Adam Walsh Child Protection and Safety Act of 2006. Pub.L. No. 109–248, 120 Stat. 587, 629 (July 27, 2006). The Walsh Act amended Federal Rule of Criminal Procedure 16 with respect to the disclosure of child pornography materials.

The Walsh Act provides that material that constitutes child pornography shall remain in the care, custody, and control of either the Government or the court, and that the court "notwithstanding Rule 16 ... shall deny" any request by the defendant to copy, photograph, duplicate, or otherwise reproduce the material "so long as the Government makes the property or material reasonably available to the defendant." 18 U.S.C. § 3509(m)(1), (2)(A). The statute provides that property or material "shall be deemed to be reasonably available to the defendant if the Government provides ample opportunity for inspection, viewing, and examination at a Government facility of the property or material" by the defendant, his or her attorney, and any defense experts. 18 U.S.C. § 3509(m)(2)(B).

## III. *DISCUSSION*

As a preliminary matter, all of the cases in this district relied on by defendant mandating disclosure of child pornography materials pre-date the enactment of the Walsh Act, and hence are irrelevant to the analysis in the instant case. *See, e.g., United States v. Kirzhner,* No. 02–CR–387, slip op. (E.D.N.Y. June 14, 2002) (Garaufis, J.); *United States v. Aldeen,* 2006 U.S. Dist. LEXIS 24372, No. 06–CR–31 (E.D.N.Y.March 16, 2006) (Townes, J.); *United States v. Cadet,* 423 F.Supp.2d 1 (E.D.N.Y. March 29, 2006) (Glasser, J.).

Defendant argues that § 3509(m) is unconstitutional because it violates his Fifth Amendment right to due process and his Sixth Amendment right to effective assistance of counsel, and because it unreasonably restricts his access to the services of a forensic computer expert. The court construes defendant's motion to lodge facial and as-applied challenges to the constitutionality of § 3509(m) although defendant does not use these terms in his motion. Defendant also argues that the Walsh Act violates the doctrine of separation of powers.

## A. *DUE PROCESS*

█ The Court views both defendant's Fifth and Sixth Amendment arguments under the framework of due process.[1] *See Strickland v. Washington,* 466 U.S. 668, 684–85, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ("The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment, including the Counsel Clause."); *see also United States v. O'Rourke,* 470 F.Supp.2d 1049, 1054 n. 2 (D.Ariz.2007) ("Defendant's concerns [regarding the constitutionality of the Walsh Act] are better addressed under the framework of due process, which supplies broader protections than the Sixth Amend-

---

1. Defendant also states that § 3509(m) is unconstitutional because it violates his equal protection rights. The Court, however, views defendant's claims as more appropriately analyzed through the Due Process framework.

ment."); *United States v. Battaglia*, Case No. 5:07cr0055, 2007 WL 1831108, *4, 2007 U.S. Dist. LEXIS 45773, at *10 (N.D. Ohio June 25, 2007) ("[T]he Court views all of Battaglia's arguments relating to the constitutionality of § 3509(m) under the umbrella of due process, as safeguarded by the various provisions of the Sixth Amendment.").

Courts throughout the country confronted with the constitutionality of the Walsh Act have held that the Walsh Act is constitutional and, when properly construed, comports with due process. *See, e.g., United States v. Tyson*, No. 06–CR–6127, 2007 WL 2859746, *3, 2007 U.S. Dist. LEXIS 71643, at *7 (W.D.N.Y. Sept. 26, 2007) ("The plain meaning of the statutory language thus appears to be consistent with the requirements of due process."); *United States v. Knellinger*, 471 F.Supp.2d 640 (E.D.Va.2007) (finding § 3509(m) constitutional on its face and declining to declare Walsh Act unconstitutional as applied because statute permitted court to remedy insufficient "ample opportunity" to examine, rendering as-applied challenge moot); *United States v. Sturm*, No. 06–CR–00342–LTB, 2007 WL 1453108, *7, 2007 U.S. Dist. LEXIS 36222, at *20 (D.Colo. May 17, 2007) ("The requirements of [the Walsh Act] are consistent, if not coterminous, with the due process guarantee[.]"); *O'Rourke*, 470 F.Supp.2d 1049 (rejecting facial and as applied due process challenges to Walsh Act); *United States v. Doane*, 501 F.Supp.2d 897 (E.D.Ky.2007) (finding Walsh Act comports with due process); *Battaglia*, 2007 WL 1831108, 2007 U.S. Dist. LEXIS 45773 (same); *United States v. Butts*, No. CR 05–1127–PHX–MHM, 2006 WL 3613364, 2006 U.S. Dist. LEXIS 90165 (D.Ariz. Dec. 6, 2006) (same); *United States v. Johnson*, 456 F.Supp.2d 1016 (N.D.Iowa 2006) (finding § 3509(m) constitutional on its face and as applied, and statute's requirement that

child pornography used in criminal trials remain in possession of government or court not unduly burdensome on rights of defendants to fair trials).

In analyzing the constitutionality of the Walsh Act, these courts have focused on the statute's "safety valve" whereby the prohibition on production of alleged child pornography only applies as long as the material is made "reasonably available" to the defendant. *See* 18 U.S.C. § 3509(m)(2)(A). Section 3509(m)(2)(B) defines reasonable availability as "ample opportunity for inspection, viewing, and examination at a Government facility." These courts have held that, to satisfy the "ample opportunity" requirements of the statute, the government must either give the defense team due-process-level access to the hard drive at a government facility or, if such access cannot be given, the government must give the defense team a copy of the hard drive, satisfying any due process concerns. *See e.g., Tyson*, 2007 WL 2859746, **2–3, 2007 U.S. Dist. LEXIS 71643, at *6–*7 (to satisfy Walsh Act, government must give defense due-process-level access or produce hard drive.); *O'Rourke*, 470 F.Supp.2d at 1056 ("Construing the Walsh Act to comport with due process—to require that a defendant be given such access at a Government facility as due process requires or, if such access cannot be given, that the defense team be given a copy of the material in question—is consistent with the ordinary meaning of 'ample opportunity' and avoids serious constitutional concerns."); *Knellinger*, 471 F.Supp.2d at 645 ("[t]he opportunity to inspect, view, and examine contemplated by § 3509(m)(2)(B) requires, at a minimum, whatever opportunity is mandated by the Constitution"); *Sturm*, 2007 WL 1453108, *7, 2007 U.S. Dist. LEXIS 36222, at *20 ("Mindful of my obligation to give the Walsh Act the reading most consistent

with constitutional limitations, I conclude that the requirements of Subsections (2)(A) and (2)(B) are consistent, if not coterminous, with the due process guarantee[.]"); *Battaglia*, 2007 WL 1831108, **4–5, 2007 U.S. Dist. LEXIS 45773, at *12–*13 ("This Court agrees with the sound reasoning of the *O'Rourke, Knellinger*, and *Sturm* courts, and finds that the 'ample opportunity' requirement of § 3509(m) is at least coterminus [sic] with constitutional due process."); *Butts*, 2006 WL 3613364, *2, 2006 U.S. Dist. LEXIS 90165, at *5 (Reasonable access, as defined by the statute, "alleviate[s] any potential due process or effective assistance of counsel issues.").

This Court also finds that the "ample opportunity" requirement of § 3509(m) is at least coterminous with constitutional due process. Given that construction, I find that § 3509(m) is not unconstitutional on its face.

 In seeking a mirror image of the hard drive, the defendant relies on *United States v. Knellinger*, 471 F.Supp.2d 640 (E.D.Va.2007), the only case in which a court held that the government did not provide defendant an "ample opportunity" for inspection under § 3509(m) and ordered that copies of the hard drive be produced to defense counsel subject to a protective order. The court stressed that "ample opportunity" analysis is conducted on a case-by-case basis. *Id.* at 645. The *Knellinger* court noted that the defendant intended to assert a virtual-child defense under *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), and considered the defendant's uncontroverted evidence that the forensic analysis requisite to that defense would prove unfeasible if conducted at a Government facility. *Id.* at 646–647. The defendant in *Knellinger* presented the testimony of four witnesses at an evidentiary hearing to testify as to why inspection at a government facility did not provide "ample opportunity" to inspect under § 3509(m), including, most importantly, the testimony of two digital video experts who testified that inspection at a government facility would not only be cost-prohibitive but would also impact their ability to perform their jobs such that they would "not agree to work on a case like Knellinger's." *Id.* at 647–649.

I find that based on the limited defense application in the instant case, *Knellinger* is distinguishable. Unlike *Knellinger*, no virtual child issues are present in the instant case, nor has defendant raised any factual issue as to whether the government was in compliance with the "reasonably available" requirement of § 3509(m)(2)(A) by failing to provide an "ample opportunity" for inspection, viewing and examination of the hard drive at a government facility pursuant to § 3509(m)(2)(B). Rather, defendant states generally that the problems "are those of time, equipment, and unfettered access." Defense Submission at 8 (Sept. 28, 2007). A court confronted with a similar defense application reasoned as follows in denying that application:

Unlike *Knellinger*, the record here does not allege any facts to support similar claims, attaches no affidavit from an expert who seeks to test the hard drive or has refused to test the drive at the government facility. The record contains no information on the costs of an examination, does not raise a "virtual children" defense and does not seek an evidentiary hearing to develop the record in support of the application. As noted in [*United States v. Battaglia*, Case No. 5:07cr0055, 2007 WL 1831108, 2007 U.S. Dist. LEXIS 45773 (N.D. Ohio June 25, 2007)], the lack of such a record makes the defendant's reliance on *Knellinger* ineffectual. Indeed, the court in *Knellinger* specifically acknowledged the "ample opportunity" de-

termination "is a factual issue that must be resolved on the record in each case." *United States v. Knellinger*, 471 F.Supp.2d at 646. The record before me falls short of the required showing.

*Tyson*, 2007 WL 2859746, *2, 2007 U.S. Dist. LEXIS 71643, at *5–*6; *see also Battaglia*, 2007 WL 1831108, *6, 2007 U.S. Dist. LEXIS 45773, at *17–*18 (mere inconvenience to defense counsel does not violate "ample opportunity" standard); *Butts*, 2006 WL 3613364, *2, 2006 U.S. Dist. LEXIS 90165, at *4 ("When determining whether material is reasonably available to a defendant, the applicable standard does not consider expense or location as relevant factors."); *O'Rourke*, 470 F.Supp.2d at 1056 n. 4 ("Defendant asserts a number of arguments about the unwisdom of § 3509(m). He argues that the statute is illogical, not founded on sound evidence, insults defense counsel, and treats defense attorneys differently . . . Even if the Court were to agree with these criticisms, however, there is no prohibition in the Constitution on unwise legislation. These policy and prudential arguments must be directed to Congress, not the courts.").

The *Tyson* court's reasoning is compelling and relevant to the instant case. I cannot find, on the record before me, that the government has failed to provide "ample opportunity" for the defense team to inspect, view, and examine the material at a government facility. Therefore, I find Section 3059(m) constitutional as applied in the instant case.

If defendant finds inspection at the aforementioned government facilities burdensome, the Court is prepared to issue a protective order comparable to the order

issued by the Honorable Carol B. Amon in *United States v. Leonardo Nalini*, 06–CR–272 (CBA).[2]

## B. SEPARATION OF POWERS

 Finally, defendant argues that the Walsh Act violates the Separation of Powers principle by directing a specific outcome by the court in ruling on a discovery motion. This argument is without merit. "Congress retains the ultimate authority to modify or set aside any judicially created rules of evidence and procedure that are not required by the Constitution." *Dickerson v. United States*, 530 U.S. 428, 437, 120 S.Ct. 2326, 147 L.Ed.2d 405 (2000). The Walsh Act's prohibitions only apply "so long as" the government makes the property or material "reasonably available" to the defense, and do not impose a mandate on the courts to deny disclosure in cases where the government has not made the materials "reasonably available." *See Butts*, 2006 WL 3613364, **2–3, 2006 U.S. Dist. LEXIS 90165, at *9 (finding no violation of separation of powers with regard to Walsh Act); *Battaglia*, 2007 WL 1831108, **2–3, *5 n. 4, 2007 U.S. Dist. LEXIS 45773, at *6–*7 & n. 4 ("It is clear . . . that Congress has the power to set aside Rule 16, to the extent that it is not constitutionally required, and that it has done so in cases involving child pornography . . . For many of the same reasons why this statute does not 'violate' Rule 16, it also does not violate the separation of powers doctrine. Congress has the power to effectuate these types of procedural changes."); *O'Rourke*, 470 F.Supp.2d at 1054 (rejecting argument that § 3509(m) violates Rule 16 and stating "Congress has the power to override the Federal Rules of

---

**2.** The Court finds that the protective order issued by Judge Amon in *Nalini*, a Walsh Act case, adequately balances the interests of the defendant with the public interest in preventing the unnecessary distribution of child pornography used in connection with criminal trials.

Criminal Procedure. Congress' intent to do so in the Walsh Act is clear.") (internal citations omitted); *Knellinger*, 471 F.Supp.2d at 643 ("Congress often has enacted statutes that repeal, amend, or supercede existing rules of federal procedure, and courts consistently upheld the power of Congress to do so."). Therefore, the Court finds that the Walsh Act does not violate separation of powers.

## IV. CONCLUSION

For the foregoing reasons, I deny defendant's motion to compel disclosure of the mirror image of the computer hard drive seized from the defendant's computer.

SO ORDERED.