**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-5121**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARK ROSZCZIPKA,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Beaufort.    Sol Blatt, Jr., Senior District
Judge.   (9:09-cr-00587-SB-1)

Submitted:  April 24, 2012              Decided:  May 8, 2012

Before MOTZ, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ann Briks Walsh, Assistant Federal Public Defender, Charleston,
South Carolina, for Appellant.   William Nettles, United States
Attorney, M. Rhett DeHart, Assistant United States Attorney,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Roszczipka pleaded guilty to possession of child pornography, in violation of 18 U.S.C. 2256A(a)(5)(B) (West Supp. 2011). The district court sentenced him to thirty-six months' imprisonment. The sole issue on appeal is whether the district court erred in applying a four-level enhancement under U.S. Sentencing Guidelines Manual § 2G2.2(b)(7)(C) (2009), based on the relevant conduct of receiving child pornography that included video fragments found in the temporary cache of Roszczipka's computer. Finding no error, we affirm.

In reviewing the district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009). A defendant may "receive" child pornography by viewing it online, regardless of whether he downloads the material. See, e.g., United States v. Pruitt, 638 F.3d 763, 766 (11th Cir.) ("A person 'knowingly receives' child pornography . . . when he intentionally views, acquires, or accepts child pornography on a computer from an outside source."), cert. denied, 132 S. Ct. 113 (2011).

Here, the Government obtained evidence that Roszczipka subscribed to multiple child pornography websites and that he admitted he viewed the videos. Accordingly, the district court did not err in enhancing Roszczipka's sentence pursuant to USSG

2

§ 2G2.2(b)(7)(C), notwithstanding the fact that Roszczipka was not aware that viewing the videos would result in storage of video fragments on his computer. Roszczipka's arguments to the contrary conflate knowing possession and knowing receipt. Unlike the out-of-circuit authority Roszczipka advances, the possibility that the video fragments appeared on his machine by means other than his own intention to view the content is not in issue. See United States v. Winkler, 639 F.3d 692, 699 (5th Cir. 2011) (finding sufficient evidence for knowing receipt of child pornography given evidence that defendant paid for members-only child pornography sites and only way files could have appeared in cache was by defendant's decision to view videos).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED