**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4918**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

CHARLES JOHNSON,

             Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge. (8:11-cr-00552-AW-1)

Submitted:  April 17, 2013          Decided:  April 25, 2013

Before WILKINSON, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew G. Kaiser, Rebecca S. LeGrand, Rachel A. Browder, THE KAISER LAW FIRM PLLC, Washington, D.C., for Appellant.  Rod J. Rosenstein, United States Attorney, LisaMarie Freitas, Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Johnson appeals his convictions and subsequent ninety-six-month sentence for receipt of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(2) (West Supp. 2012), and for possession of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2012). Johnson raises four issues on appeal, claiming (1) that the district court erred in denying his motion to suppress his inculpatory statements because he was in custody when he made them and had not previously been warned of his rights; (2) that the district court improperly denied him his right to testify on his own behalf by barring him from testifying that he sought out online child pornography for the purpose of researching a book; (3) that the jury was improperly instructed that merely viewing illicit materials online would support a conviction for receiving them; and (4) that the district court inadequately explained its chosen sentence. Concluding that any error committed by the district court was, at worst, harmless, we affirm.

Johnson first claims that the district court erred in declining to suppress the statements he made to law enforcement officers when he was interviewed in his bedroom while his house was being searched pursuant to a warrant. The district court's legal conclusions underlying a suppression determination are reviewed de novo, while its factual findings are reviewed for

clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). Because the district court denied the motion to suppress, the evidence is construed on appeal in the light most favorable to the government. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004).

Although Johnson contends that he was "in custody" for purposes of Miranda v. Arizona, 384 U.S. 436 (1966), we disagree. Given that Johnson was informed that he was free to leave, that he was interviewed in his own bedroom, that the door to his bedroom was left open throughout the interview, and that the two agents interviewing him never handcuffed him or brandished weapons, we conclude that, on the totality of the circumstances, a reasonable person in Johnson's position would have believed that he was at liberty to leave. United States v. Hargrove, 625 F.3d 170, 178 (4th Cir. 2010); United States v. Colonna, 511 F.3d 431, 435 (4th Cir. 2007). See United States v. Uzenski, 434 F.3d 690, 705 (4th Cir. 2006); United States v. Parker, 262 F.3d 415, 419 (4th Cir. 2001). We therefore reject Johnson's argument that the district court improperly denied his motion to suppress.

Second, Johnson claims that the district court denied him his constitutional right to testify in his own defense by barring him, under our decision in United States v. Matthews, 209 F.3d 338, 345-50 (4th Cir. 2000), from testifying that he

3

viewed child pornography only in the course of conducting research for a book he was writing. But even if we accept Johnson's constitutional characterization of this argument, but see United States v. Malloy, 568 F.3d 166, 177 (4th Cir. 2009), we cannot agree with him that exclusion of this evidence was so "arbitrary" or "disproportionate" that it deprived him of a right secured to him under the Constitution. United States v. Woods, 710 F.3d 195, 200 (4th Cir. 2013). It was clearly within the court's prerogative to bar Johnson's proferred testimony to the extent it was offered to support a free-standing defense under the First Amendment. Matthews, 209 F.3d at 344. Accord Boland v. Holder, 682 F.3d 531, 536 (6th Cir. 2012); United States v. Holm, 326 F.3d 872, 874-75 (7th Cir. 2003).

To the extent that Johnson's testimony could tend to refute the Government's case that he "knowingly" downloaded the illicit materials that he viewed online, see § 2252A(a)(2), the asserted purpose motivating Johnson's online conduct is only marginally relevant to the issue of scienter. And the district court explicitly informed Johnson that he was free to testify about matters much more salient to such a defense, leaving him ample opportunity to testify, for example, that he was unaware of computer technology to such a degree that he had no idea that the images he viewed online would be downloaded to his computer's hard drive. Johnson declined to do so.

4

Thus, even if the district court's ruling was overbroad, its overbreadth was minimal and deprived Johnson only of evidence that was "marginally relevant" to his defense rather than "important" to it. Holmes v. South Carolina, 547 U.S. 319, 325, 326 (2006); United States v. Stever, 603 F.3d 747, 755 (9th Cir. 2010). Because Johnson's proposed testimony was not vital to the exercise of his constitutional right to testify on his own behalf, we reject his claim that the district court's conduct rendered that right meaningless.

Johnson next challenges the district court's decision to instruct the jury that, for purposes of receipt of child pornography under 18 U.S.C.A. § 2252A(a)(2), "[r]eceiving includes viewing an image online regardless of whether the image is downloaded." This court reviews for abuse of discretion a district court's refusal to give a jury instruction, but reviews de novo a claim that a jury instruction contained an incorrect statement of the law. United States v. Mouzone, 687 F.3d 207, 217 (4th Cir. 2012), cert. denied, 133 S. Ct. 899 (2013).

We agree with Johnson that the jury instruction was erroneous inasmuch as it relied upon a single sentence in United States v. Roszczipka, 473 F. App'x 211 (4th Cir. 2012) (per curiam), without proper attention to its context. See id. at 212 ("A defendant may 'receive' child pornography by viewing it online, regardless of whether he downloads the material.").

5

The quoted language in Roszczipka speaks to § 2252A(a)(2)'s mens rea requirement, not to the proper definition of "receipt." See United States v. Osborne, 935 F.2d 32, 34 n.2 (4th Cir. 1991) (observing that a defendant had received child pornography where he "achieved the power to exercise dominion and control" over it). Roszczipka observes only that a defendant may "knowingly" receive child pornography by viewing it online with the knowledge that it will be saved — perhaps temporarily — to his computer's hard drive, even if he does not actively or purposefully download it.

In ignoring this distinction, the instructions as they were phrased in this particular case improperly defined "receipt," ultimately informing the jury that Johnson could be convicted as long as he knowingly viewed illicit materials online, even if he did not knowingly receive them. The instructions thereby eliminated the requirement under § 2252A(a)(2) that the Government prove, circumstantially or otherwise, that Johnson knew that the images he viewed online would be saved to his computer or otherwise come into his possession. See United States v. Ramos, 685 F.3d 120, 131 (2d Cir.), cert. denied, 133 S. Ct. 567 (2012) (collecting cases); United States v. Winkler, 639 F.3d 692, 696-99 (5th Cir. 2011) (same). This was error.

6

Nevertheless, we conclude that the flawed instruction amounts only to harmless error on the circumstances of this case. See Neder v. United States, 527 U.S. 1, 17-19 (1999); United States v. Hornsby, 666 F.3d 296, 305 (4th Cir. 2012). Axiomatically, whether a defendant knew that images viewed online would be saved to his computer is a close question only where there is some indication that the images were saved there without his knowledge. If, for example, the evidence shows only that the images were saved to the computer's cache or temporary internet folders and that the defendant made no effort to remove them, or that the images were otherwise saved automatically to locations inaccessible to a computer user, there may be some reason to believe that the defendant did not "knowingly" receive the images. See, e.g., Ramos, 685 F.3d at 132; Winkler, 639 F.3d at 698; United States v. Pruitt, 638 F.3d 763, 766 (11th Cir. 2011); United States v. Flyer, 633 F.3d 911, 919 (9th Cir. 2011); United States v. Dobbs, 629 F.3d 1199, 1201 (10th Cir. 2011); United States v. Bass, 411 F.3d 1198, 1205 (10th Cir. 2005).

Here, by contrast, the issue of Johnson's knowledge was not a close call. Not only did he admit to law enforcement officials that he "actively download[ed]" child pornography for the purpose of his sexual gratification, but the Government also introduced evidence of the multiple sequential steps that were

7

required for Johnson to access the files forming the basis of his receipt charge, including downloading a file decompression program, downloading an .RAR file containing numerous compressed files, entering a password to open the .RAR file, and clicking "extract" in order to decompress the individual files and access them. As for circumstantial evidence of Johnson's knowledge, the jury heard evidence that he had repeatedly sought and viewed child pornography online and had even created a Microsoft Word document into which he copied and pasted child pornography images that he had previously downloaded. See Ramos, 685 F.3d at 132; Winkler, 639 F.3d at 699; Pruitt, 638 F.3d at 767.

We are fully cognizant of the limited scope of our inquiry in this respect: that we do not "become in effect a second jury to determine whether the defendant is guilty," but instead merely determine "whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element." Neder, 527 U.S. at 19. Yet in this case the evidence can only be described as one-sided, given Johnson's admissions, the demonstrated "pattern of child pornography and receipt," and the inability of Johnson's cross-examination of Government witnesses to put the issue of his intent seriously in dispute. Winkler, 639 F.3d at 699. We are therefore convinced beyond a reasonable doubt that, even if it had been properly instructed, the jury would still have concluded that "this is

8

not the exceptional case in which the government has persisted in bringing a criminal prosecution against the unknowing victim of a computer's inner workings," and would not have reached an opposite conclusion as to Johnson's guilt on the receipt count. Id. To the extent that Johnson argues that the impact of the improper jury instruction was exacerbated by his failure to testify on his own behalf, we observe that the district court did not prevent Johnson from testifying about the issues most salient to his proposed defense on the elements. As a result, while Johnson's decision not to testify may have had some adverse effect on the strength of his rebuttal to the Government's case, any such effect was not occasioned by the district court but was instead self-inflicted.

Finally, Johnson attacks his downward variant sentence as procedurally unreasonable. He contends that the district court's explanation of its chosen sentence insufficiently considered his arguments that Johnson posed no social harm and had amassed a good record of service to the community, and that the court should have disregarded U.S. Sentencing Guidelines Manual ("USSG") § 2G2.2 as unfairly imposing outsized enhancements for relatively trivial specific offense characteristics. We have reviewed the record and conclude that, although the district court "might have said more" to explain its rejection of the various arguments that Johnson had raised

9

before it, Rita v. United States, 551 U.S. 338, 359 (2007), its explanation was elaborate enough "to allow [this court] to effectively review the reasonableness of the sentence." United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006) (internal quotation marks omitted). We therefore reject Johnson's challenge to his sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED