**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4572**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

    v.

PAUL STANLEY,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge. (8:11-cr-00333-DKC-1)

───────────

Submitted: June 6, 2013             Decided: July 19, 2013

───────────

Before DUNCAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Megan E. Coleman, MARCUSBONSIB, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Sujit Raman, Appellate Chief, Baltimore, Maryland, LisaMarie Freitas, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from Paul Stanley's conviction by a jury of three counts related to child pornography--for transportation, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1), (2), (5)(B)--as well as one count of obstruction of justice, in violation of 18 U.S.C. § 1512(c)(1). Stanley argues that the district court erred in admitting expert testimony by the agent who conducted the forensic examination of Stanley's computer. Stanley also contends that the district court erred in denying his motion for judgment of acquittal, challenging the sufficiency of the evidence supporting his convictions. Finding no reversible error, we affirm.

I.

We first consider Stanley's argument that Agent Crystal Gilmer, a computer forensic examiner with the Maryland State police, should not have been permitted to testify as an expert regarding her forensic examination of Stanley's laptop computer. Stanley asserts that Agent Gilmer possessed insufficient specialized knowledge or skill in the software programs used to extract data from Stanley's computer, and failed to offer testimony regarding the reliability of the forensic tools used in the examination.

We review the district court's decision to admit expert testimony for abuse of discretion and will not find an abuse unless a ruling is "arbitrary and irrational." United States v. Cloud, 680 F.3d 396, 401 (4th Cir 2012), cert. denied, 133 S. Ct. 218 (2012); United States v. Dorsey, 45 F.3d 809, 812 (4th Cir. 1995).

Federal Rule of Evidence 702 outlines the requirements for the admissibility of expert testimony. These are four-fold. First, the district court must find that "the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine the fact in issue." Fed. R. Evid. 702(a). Second, "the testimony [must be] based on sufficient facts or data." Id. 702(b). Third and fourth, "the testimony [must be] the product of reliable principles and methods" that "the expert has reliably applied . . . to the facts of the case." Id. 702(c)-(d). As to these latter prongs, the district court "must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999). The many factors set forth in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and its progeny are neither exclusive nor dispositive. Fed. R. Evid. 702 advisory committee's note. Furthermore, "the trial court's role as a

3

gatekeeper is not intended to serve as a replacement for the adversary system," and consequently, "the rejection of expert testimony is the exception rather than the rule." Id.

During her expert testimony, Agent Gilmer explained the process she used to examine Stanely's laptop, utilizing multiple forensic tools. These tools included a forensic software program called EnCase, which she used to make a "mirror" image of Stanley's computer in order to examine its contents without risking damage to the original. Agent Gilmer's examination revealed that Stanley had downloaded and installed a peer-to-peer file sharing program called FrostWire onto his laptop. Agent Gilmer also discovered that the FrostWire program had been used to search for and download child pornography, as well as to view, keep, and share child pornography files.

We conclude that the district court did not abuse its discretion in admitting Agent Gilmer's expert testimony on these facts. Assessing the first of Rule 702's requirements, many courts have noted that the process of forensic data extraction requires specialized knowledge or skill conducive to expert testimony. See, e.g., United States v. Yu, 411 F. App'x 559, 566-67 (4th Cir. 2010) ("[T]he process of forensic data extraction requires 'some specialized knowledge or skill or education that is not in possession of the jurors.'") (quoting

4

United States v. Johnson, 617 F.3d 286, 293 (4th Cir. 2010));

United States v. Ganier, 468 F.3d 920, 926 (6th Cir. 2006).

As for the factual basis and reliability of the testimony, the district court acted well within the wide bounds of its discretion. During the lengthy voir dire that included several rounds of cross-examination, the district court heard considerable evidence regarding Agent Gilmer's education, training, experience, and knowledge of the forensic tools and procedures she utilized, as well as detailed explanations of her use of the forensic software in this particular case. Agent Gilmer also explained that the forensic tools she used to examine the contents of Stanley's laptop had been accepted as reliable procedures by her law enforcement agency. Having heard all of this evidence and the defense's objections, the district court permitted the government to proceed with its examination of Agent Gilmer as an expert in "computer examination and analysis." J.A. 204.

We find the record more than adequately supports the district court's determination that Agent Gilmer's testimony was based on sufficient facts and data, and was reliable.

II.

We turn next to Stanley's arguments regarding the sufficiency of the evidence, reviewing the district court's

denial of a motion for judgment of acquittal de novo. United States v. Penniegraft, 641 F.3d 566, 571 (4th Cir. 2010), cert. denied, 132 S. Ct. 564 (2011). In this posture, we view the evidence presented to the jury in the light most favorable to the government and "will sustain the jury's verdict if any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." Id. at 571 (citing Jackson v. Virginia, 443 U.S. 307, 391 (1979)).

A.

Stanley first argues that the evidence presented cannot support his child pornography convictions. We disagree.

Stanley was charged and convicted of transportation, receipt, and possession of child pornography under a statute that criminalizes, in pertinent part, the following activities:

> (1) knowingly . . . transport[ing] . . . using any means [of interstate commerce], including by computer, any child pornography;
>
> (2) knowingly receiv[ing] . . . any child pornography [or material that contains child pornography] that has been [transported in interstate commerce], including by computer; or . . .
>
> (5) . . . (B) knowingly possess[ing], or knowingly access[ing] with intent to view, any . . . material that contains an image of child pornography that has been [transported in interstate commerce], including by computer[.]

18 U.S.C. §§ 2252A(a)(1), (2), (5)(B).

6

We decline Stanley's invitation to find that downloading, storing, and sharing images using a peer-to-peer program on one's computer cannot establish knowing receipt, possession or transportation of child pornography. We have held that "use of a peer-to-peer file-sharing program qualifies as distribution" in the context of a sentencing enhancement for distribution of child pornography. United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). Thus, "[w]hen knowingly using a file-sharing program that allows others to access child pornography files, a defendant commits an act related to the transfer of [child pornography]." Id. (internal quotation marks omitted). The same rationale applies to transportation, receipt, and possession of child pornography as defined by 18 U.S.C. § 2252A.

Furthermore, the evidence supports the jury's finding that Stanley possessed the requisite knowledge of his actions for each of the child pornography convictions. In affirming the sufficiency of the evidence to support a defendant's conviction for receipt of child pornography, we have reasoned that "whether a defendant knew that images viewed online would be saved to his computer is a close question only where there is some indication that the images were saved there without his knowledge." United States v. Johnson, 2013 WL 1767640, at *3 (4th Cir. Apr. 25, 2013). Here, as in Johnson, the government presented ample evidence of Stanley's intent and awareness of his illegal acts.

According to Agent Gilmer's testimony, 570 files had been available for sharing at the time Stanley's laptop was seized, all of which were saved in the folder designated for saving and sharing files, entitled "C:/Users/Paul/shared." J.A. 261. Upon opening the FrostWire shared folder, it prominently displayed the following warning: "You are sharing 570 files. You can control which files FrostWire shares." J.A. 238. The government introduced evidence of common search terms associated with child pornography, which were included in many of the file names found on the laptop. Agent Gilmer also testified that during the ten days prior to the laptop's seizure, specific images in the FrostWire shared folder had been accessed 209 times, with 173 of the images containing terms indicative of child pornography in their titles.

In addition to this abundance of evidence that Stanley had repeatedly sought and viewed child pornography, and was on notice that these files were being shared with others through the FrostWire program, the jury also heard testimony about Stanley's attempt to destroy his laptop by placing it under running water in the shower after officers informed him that they were investigating his involvement in child pornography activities. From this evidence, particularly when viewed in the light most favorable to the government, a rational jury could have concluded beyond a reasonable doubt that Stanley knowingly

8

transported, received, and possessed child pornography, in violation of the charged provisions of 18 U.S.C. § 2252A.

We thus conclude that substantial evidence supports Stanley's child pornography convictions.

B.

Finally, Stanley argues that insufficient evidence supports his conviction for obstruction of justice. Again, Stanley's argument lacks merit.

To sustain a conviction for obstructing a federal proceeding, the government was required to prove that Stanley "corruptly . . . alter[ed], destroy[ed], mutilate[d], or conceal[ed] a record, document, or other object, or attempt[ed] to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." 18 U.S.C. § 1512(c)(1).

The government presented evidence that the Internet Crimes Against Children Task Force (the "Task Force") was conducting an online undercover investigation into individuals using peer-to-peer networks to traffic child pornography. In the course of this investigation, officers identified an internet protocol ("IP") address which they linked to Stanley. When Task Force officers arrived at Stanley's residence, they identified themselves and informed Stanley that they were pursuing an

investigation into child pornography activities. Stanley asked if he could go back into the residence to get dressed, at which point he went into the basement and woke his roommate, Brian Pease, telling him that "[t]he cops are here for my computer." J.A. 191. When Pease got out of bed a few minutes later, he found Stanley's laptop in the shower under running water, and removed it. Meanwhile, Stanley returned to the door and advised the Task Force officers that he no longer had possession of the laptop because he had given it to a friend when it stopped working six months earlier. Task Force officers subsequently obtained a search warrant for Stanley's residence, and recovered the laptop Stanley had placed in the shower.

Again viewing this evidence in the light most favorable to the government, we find it more than sufficient to allow a reasonable juror to determine beyond a reasonable doubt that Stanley attempted to destroy or conceal his laptop in order to impair its availability for use in an official proceeding.[*]

---

[*]Stanley also argues that the evidence failed to establish a sufficient "nexus" to a federal proceeding; in other words, that Stanley should be acquitted on the obstruction of justice count because he had no reasonable likelihood of knowing that the investigation by Maryland State police officers related to a federal proceeding. However, Stanley's proffered interpretation is contradicted by the plain statutory language. In particular, the statute specifies that a qualifying proceeding "need not be pending or about to be instituted at the time of the offense," 18 U.S.C. § 1512(f)(1), and that "no state of mind need be proved with respect to the circumstance . . . that the official
(Continued)

10

III.

Accordingly, we affirm Stanley's convictions.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

proceeding . . . is before a judge or court of the United States," id. at § 1512(g).