**UNITED STATES of America,**

v.

**Michael BINDAY, James Kevin Kergil, and Mark Resnick, Defendants.**

**No. 12 Cr 152(CM).**

United States District Court,
S.D. New York.

Jan. 10, 2014.

Eun Young Choi, Justina Louise Geraci, Paul Michael Monteleoni, Sarah Eddy McCallum, Zachary Feingold, U.S. Attorney's Office, New York, NY, for Plaintiff.

Andrew McCutcheon Lankler, Lankler & Carragher, New York, NY, Elkan Abramowitz, Benjamin Sean Fischer, Jasmine Marie Juteau, Morvillo, Abramowitz, Grand, Iason, & Anello P.C., New York, NY, Matthew J. Gaul, Michael Campion Miller, Steptoe & Johnson, LLP, New York, NY, Michael Steven Ross, Steven Leigh Kessler, Law Offices of Steven L. Kessler, New York, NY, Valerie Anne Koffman, Goodwin Procter, LLP, New York, NY, Roger Lee Stavis, Adam Michael Felsenstein, Gallet Dreyer & Berkey, New York, NY, for Defendants.

## DECISION AND ORDER ON DEFENDANT RESNICK'S POST–TRIAL MOTION

McMAHON, District Judge.

Michael Binday, James Kevin Kergil and Mark Resnick, were convicted after a jury trial of conspiring to commit mail and wire fraud (Count One), and of committing substantive mail and wire fraud (Counts Two and Three, respectively). The jury

also convicted Kergil and Resnick of conspiring to obstruct justice (Count Four). The defendants are currently at liberty pending sentencing, scheduled for March 20, 2014.

Defendant Resnick has filed a motion asking the Court to enter a judgment of acquittal on Count Four, pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Resnick argues that the evidence adduced at trial was insufficient to establish that he (1) knowingly and intentionally agreed to participate in a conspiracy ·to obstruct justice, or (2) intended to obstruct an "official proceeding," as that term is used in the relevant statute.

*Rule 29 Standard*

■ The governing legal standards for assessing the sufficiency of evidence adduced at trial are well-established. "A defendant challenging the sufficiency of the evidence bears a very heavy burden," *United States v. Kozeny,* 667 F.3d 122, 139 (2d Cir.2011); *accord United States v. Temple,* 447 F.3d 130, 137 (2d Cir.2006); *United States v. Desena,* 287 F.3d 170, 177 (2d Cir.2002), and faces "an uphill battle." *United States v. Jones,* 30 F.3d 276, 281 (2d Cir.1994); *see also, e.g., United States v. Autuori,* 212 F.3d 105, 114 (2d Cir. 2000). In considering the sufficiency of the evidence supporting a guilty verdict, the evidence must be viewed in the light most favorable to the Government. *See Temple,* 447 F.3d at 136–37. The Court must analyze the pieces of evidence ' "in conjunction, not in isolation,' " *United States v. Persico,* 645 F.3d 85, 104 (2d Cir.2011) (quoting *United States v. Eppolito,* 543 F.3d 25, 45 (2d Cir.2008)), and must apply the sufficiency test "to the totality of the government's case and not to each element, as each fact may gain color from others," *United States v. Guadagna,* 183 F.3d 122, 130 (2d Cir.1999); *accord Persico,* 645 F.3d at 104. The Court must also "credit[ ] every inference that the jury might have drawn in favor of the government," *Temple,* 447 F.3d at 136–37 (internal quotation and citation omitted), because "the task of choosing among competing, permissible inferences is for the fact-finder, not for the reviewing court," *United States v. McDermott,* 245 F.3d 133, 137 (2d Cir.2001). "These standards apply whether the evidence being reviewed is direct or circumstantial." *Persico,* 645 F.3d at 105.

■■ Under this standard, a jury verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original). Indeed, the Court must "resolve all issues of credibility in favor of the jury's verdict," *Desena,* 287 F.3d at 177 (internal quotations omitted); *accord United States v. Abelis,* 146 F.3d 73, 80 (2d Cir.1998), and in a close case, where "either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, the court must let the jury decide the matter." *Autuori,* 212 F.3d at 114 (internal quotations and brackets omitted).

■ Accordingly, a "court may enter a judgment of acquittal only if the evidence that the defendant committed the crime alleged is nonexistent or so meager that no reasonable jury could find guilt beyond a reasonable doubt." *Guadagna,* 183 F.3d at 130.

*Resnick's Membership in the Conspiracy to Destroy Records*

■ Resnick argues that the evidence at trial did not establish he knowingly and intentionally agreed to participate in a conspiracy to obstruct justice. (Resnick Br. at 8–11).

■ Resnick points to the testimony of cooperating witness Paul Krupit, who testified that Resnick initially took "lightly" co-defendant Kergil's direction to destroy records. Since Resnick ultimately joined Kergil and Krupit in their plan to obstruct justice, that testimony was of little relevance. (Tr. at 981–82). As this Court instructed the jury: "A person can become a member of a conspiracy even if he does not join it at the beginning. He can join a conspiracy at any time while it is in progress." (Tr. 1595). While Resnick may have been the last of the coconspirators to join the conspiracy, there was incontrovertible evidence that he followed Kergil's instructions to delete the contents from his hard drive:

> PAUL KRUPIT: Yeah, but still, I went in there and deleted stuff because he told me to.
>
> MARK RESNICK: Right, right. Yeah, pretty much everything Kevin told us was wrong
>
> ... so ...
>
> PAUL KRUPIT: Yeah, I mean it ... I can't belie ... you know, I mean, I would have, I would have never done that. I, I, I questioned it when I did it. (V/O)
>
> MARK RESNICK: Me either. Yeah, me, me, me too. Hey Paul, I got back on a plane and came back here the next—you know went, went back home the next day and, and did it so ... Um, it was stupid to do, and, and it, it, it makes us look uh ... you know, that we did something, but, um ...

(GX 3075) (Transcript of July 23, 2010 call (GX 3074)).

Resnick also rehashes the argument he made unsuccessfully to the jury about how, at the suggestion of his attorney, he had his computer "wiped" clean and the data moved to a portable device to protect the data. (Resnick Br. at 10–11; Tr. 1504–07

(Resnick summation)). This explanation was contradicted by the evidence, including: the recorded phone calls during which Resnick acknowledged that he flew from New York to Florida to wipe his hard drive at "Kevin's" direction, which he knew was "wrong" (GXs 3074, 3075); the testimony and emails making plain that Resnick took this action only in the shadow of a looming criminal proceeding (Tr. 969–982 (Krupit testimony regarding June 2010 visits from FBI)); GX 3022 (June 22, 2010 email regarding June 21, 2010 visit from FBI); and the records from Apple plainly reflecting a request to wipe the hard drive one week before an attorney for Resnick became involved (GX 3077).

The jury's rejection of defendant's "I was just trying to preserve evidence" argument was wholly supported by credible evidence.

*Nexus Between Obstructive Conduct and an "Official Proceeding"*

■ Resnick argues that there was no "nexus" between his alleged obstructive conduct and an "official proceeding," as required to convict him under 18 U.S.C. § 1512(c)(1).

For the jury to convict defendant of conspiring to obstruct justice, the Government did not need to prove that Resnick knew an "official proceeding" was pending or imminent at the time he participated in that conspiracy. *See* 18 U.S.C. § 1512(f)(1). Similarly, the Government did not need to prove that Resnick knew with certainty that his conduct would affect an official proceeding, or that his conduct actually obstructed justice. Instead, Resnick's conduct must have had the "natural and probable effect of interfering" with an official proceeding. *United States v. Quattrone*, 441 F.3d 153, 171 (2d Cir. 2006) (internal quotations omitted). Thus, the jury was instructed:

The government does not have to show that the official proceeding, here a federal grand jury investigation or a criminal case, was pending at the time of the offense. It would be sufficient if the government showed that a proceeding before a grand jury, Judge or court was foreseeable to the person in question at or about the time charged in the indictment. The government does not have to establish that the person was aware that the grand jury question would be a federal grand jury or the judge or court would be a judge or court of the United States as opposed to, say, the State of New York.... The government does not need to show that the person knew with certainty that his conduct would affect the official proceeding, nor does the government need to show that the person's conduct actually obstructed any official proceeding. It is sufficient if the evidence showed that the person's actions had the natural and probable effect of interfering with the official proceeding.

(Tr. 1598–1600).

The trial evidence established the requisite foreseeability and nexus. Resnick and his co-conspirators agreed to and did try to delete the hard drives on their computers. (Tr. 980–982, 988; GXs 3022, 3023 (June 22, 2010 email from Binday to Krupit), 3072 (recorded July 15, 2010 call between Kergil and Krupit), 3073 (transcript of July 15, 2010 call), 3074, 3075, 3077). They did so, knowing it was "wrong," immediately after—and *only* after—learning that the FBI was investigating them for the very fraud with which they ultimately were charged. (Tr. 964, 973–74; GXs 3022, 3074, 3075). Resnick even made a special trip back from his second home in New York to Orlando for the express purpose (as he admitted on a recorded call) of deleting his hard drive. (GXs 3074, 3075). The jury could have reasonably inferred

from the evidence that Resnick acted with awareness that his conduct would obstruct a potential grand jury or court proceeding by rendering evidence unavailable for use against him. *See United States v. Stanley*, 533 Fed.Appx. 325 (4th Cir.2013) (affirming conviction for obstructing justice based on evidence that defendant attempted to destroy his computer in response to the mere presence of investigating law enforcement officers).

Resnick is suggesting that he may have been under the impression that the FBI was conducting "some kind of regulatory," or civil, investigation lacks any support in the record. (Resnick Br. at 13.) Resnick's purported uncertainty regarding the criminal nature of the investigation and the possibility of a federal grand jury or criminal proceeding is belied by his own obstructive conduct: a "civil" or "regulatory" proceeding could hardly have motivated Resnick to have, as he admitted, fly from New York to Florida to have his hard drive "wiped." (GXs 3074, 3075). Civil discovery and regulatory inquiries do not, after all, typically entail potential seizures and searches of personal property like desktop computers.

Even if the record conceivably could have supported the inference that Resnick contemplated obstruction of a civil or regulatory proceeding, as opposed to a federal grand jury investigation or federal criminal prosecution and even if it were proper on a Rule 29 motion to weigh that competing inference (which of course it is not, *see McDermott*, 245 F.3d at 137)there still would be no basis for vacating Resnick's conviction. The statute is clear that a defendant need not know exactly what kind of proceeding he is agreeing to obstruct, so long as it was foreseeable to him that what he agreed to do might impair the use of the evidence at issue before a

370

during some grand jury, court, or agency proceeding. 18 U.S.C. § 1512(g)(1).

Accordingly, defendant's motion to set aside his conviction on Count Four is denied.

Sentencing will take place as scheduled on March 20, 2014.

This constitutes the decision and order of the court.